### JAMES GILLILAND *v.* JACOB RAPPLEYEA.

Where a verdict has been set aside at the instance of the plaintiff, it is erroneous for the Court afterwards to render judgment final for the defendant, though the plaintiff has not paid the costs, as directed by the court. The court might refuse to hear the new trial, till the costs of the former trial are paid, or they might enforce the payment of the costs, by attachment, or if the plaintiff does not pay the costs and bring his cause to trial within such time as the court may prescribe, that he be *non prossed* for not going to trial. The plea of *in nullo est erratum*, is in the nature of a demurrer; it refers the matter at once to the judgment of the court, and supercedes the necessity of a *certiorari*. After joinder in error, neither party can allege, diminution, or have a *certiorari*, for it is an admission of the matters assigned for errors, yet the court may award a *certiorari*, to supply any defect in the body of the record, or in its out branches; for though the parties are bound by their admissions, the court are not restrained from looking into the record.

This was a writ of error directed to the Court of Common Pleas of the county of Middlesex. The argument before this court, was made on the following state of the case.

" This was an action of trespass *quare clausum fregit,* tried in the said court. The declaration contained two counts—1st, for breaking the close and felling and destroying the trees and herbage, &c., of the plaintiff, and taking and carrying away the same—2d, *de bonis asportatis*. The defendant pleaded *liberum tenementum.* To the writ of error, directed to the Judges of the said court, they returned in November term 1832, with said writ, the record of a judgment rendered on the verdict of the jury in this case, in favor of the defendant, for forty-three dollars and seventy-nine cents costs. In the said term of November, the plaintiff filed in this court, an assignment of errors, and therein assigned for error—1st, that the judgment ought to have been given in favor of the plaintiff—2d, that it ought to appear in the record, that judgment of *non pros*, was rendered in the court below, whereas it appears that judgment on the verdict, was given in favor of the defendant. In the same term, on suggestion of diminution, the plaintiff in error, obtained a rule of this court, ordering that the record be completed, and return made to the said rule, by the first day of the next term. At the next term, to this rule, the judges of said court returned that the record therefor sent by them to this court, annexed to the said writ of error, was full and complete,

and contained the record of the whole of the proceedings with all things touching and concerning them, as the same were recorded in said court. On the return to said rule, being filed in this court, the defendant filed the common joinder in error. Afterwards in the same term, the plaintiff obtained another rule of this court, ordering the clerk of said court of Common Pleas to certify to this court, the record and proceedings in this case, in the said court. To this rule, the clerk returned and sent up true copies of all the entries made in the minutes of said court, touching and concerning the above mentioned suit, except the return of the original writ, which said copy and return was filed in this court in the term of May, 1833. In the same term, another rule of this court was obtained by the plaintiff, on the Judges of said court of Common Pleas, ordering them to amend and perfect the record in this case, and make a return to the said rule, by the first day of the next term. To this rule, the following return was made by the clerk of said Court of Common Pleas, in the term of February last, under the order of said court. "State of New Jersey, Middlesex county, ss. I Nicholas Boeræm, Clerk of the Inferior Court of Common Pleas, in the county of Middlesex aforesaid, do hereby certify that the foregoing is a true copy of a judgment roll made up by me in the above cause, in obedience to the following order of the Inferior Court of Common Pleas, made in the term of December, 1833, viz :—

James Gilliland    }     *In trespass—in Error to the*
    *vs.*         }       *Pleas of Middlesex.*
Jacob Rappleyea. }

A rule of the Supreme Court having been taken upon this court, and presented at the present term, suggesting that the return to the writ of error heretofore made by the clerk, in this cause, is incomplete, and requiring that the same be amended and perfected. It is ordered that the clerk make up and complete the record, and make due return in obedience to said rule, to the next term of the Supreme Court, the plaintiff in error paying the costs of making up the additional record."

The copy of the judgment and proceedings in the said return referred to, sets forth the proceedings in the said suit, as the

Gilliland *v.* Rappleyea.

same are set forth in the record returned by the Judges in this case, up to the time when the verdict was rendered for the defendant. That in the same term, a rule was taken on the defendant to show cause why the verdict should not be set aside and a new trial granted. But afterwards in a subsequent term, the said verdict was set aside and a new trial granted by the said court, upon payment by the plaintiff to the defendant, of the sum of twenty-one dollars and ninety-four cents for his costs and charges, by him about the trial of the said issue in that behalf expended. That the said cause was regularly continued down to the term of March 1832, when it was ordered by the said court, on the prayer of the defendant, that Edward Wood be substituted as his attorney in the place of George Wood, and that the said James Gilliland do pay the aforesaid costs, in thirty days after due notice of this order, and bring on the trial of said issue, on the second Tuesday of June next, or be *non prossed.* That on the said second Tuesday of June, before the said Judges, came the said Jacob Rappleyea by his said attorney, and the said James Gilliland, although solemnly called did not come, but made default, nor had he paid the said costs so adjudged to be paid, nor did he further prosecute his said suit. Therefore it was considered that the aforesaid order for a new trial be discharged, that the said Gilliland take nothing by his writ, but be in mercy, &c. and further that the said Rappleyea do recover against the said James Gilliland, forty-three dollars and seventy-three cents, for his costs and charges about his suit, then, there adjudged to him, with his assent. On the return of the said record, thus made up by the said clerk, into this court, the plaintiff obtained leave to file a further assignment of errors, and thereupon further assigned for error —1st, that by the record aforesaid it appears, that the rule for a new trial was discharged, and that the plaintiff be *non prossed,* because it appeared that a certified copy of the rule ordering the plaintiff to bring on the trial of the above cause at the said time, and pay the costs taxed by the court, within thirty days, was duly served on his attorney, together with a copy of the taxed bill of costs and payment thereof demanded, and that the plaintiff had wholly neglected to pay the same. Whereas, in

Gilliland *v.* Rappleyea.

this, there is manifest error, because the said attorney was not liable to pay the said costs, and the said rule ought to have been served on the plaintiff himself.

2d, Because it does not appear that any notice of the substitution of E. Wood, attorney, was ever given or served on the said plaintiff or his attorney.

3d, Because it does not appear, when the said rule to bring on the trial and to pay the costs within thirty days after service of such rule, was served on plaintiff's attorney, with a copy of the taxed bill of costs, nor when the said costs were demanded.

4th, That the said judgment of *non pros*, is illegal, erroneous, and ought to be reversed. To this further assignment of errors, the defendant filed the common joinder.

*C. L. Hardenburgh*, for plaintiff.

*E. Wood*, for defendant.

The opinion of the court was delivered by

HORNBLOWER, C. J. This was an action of trespass: a verdict was rendered for the defendant below, who is also defendant in error. On a motion for a new trial, the verdict was set aside; and a new trial ordered on payment of costs. This rule was granted in March term, 1832. In the same term, a rule was entered, requiring the plaintiff to pay the costs in thirty days, and bring the cause to trial at the next term, or be *non prossed*. The plaintiff regularly noticed his cause for trial, at the ensuing term; and (as he states) was then ready to pay the costs of the former trial, but the court ordered the rule for a new trial to be discharged, and the plaintiff to be *non prossed*, on the ground that he had not paid the costs, pursuant to the rule on him for that purpose. This much appears by the state of the case agreed upon, and signed by the counsel for the parties. If nothing more had been done, however harsh the proceeding might be considered, I do not see how error could have been assigned upon it. Instead however of a judgment of *non pros*, it appears by the record sent up to this court, that the Court of Common Pleas rendered judgment *for the defendant*, on the *verdict* of the jury. Upon the coming in of this record, the plaintiff in error assigned errors; and

Gilliland *v.* Rappleyea.

among others, that after the court had set aside the verdict, and *non prossed* the plaintiff, they had rendered a final judgment against him on the verdict of the jury ; and upon an allegation of diminution in that respect, he took a rule on the Common Pleas, to complete their return. In answer to this rule, the Common Pleas certified, that the return made by them to the writ of error, contained the whole of the record and proceedings had before them. Hereupon the defendant in error, pleaded in *nullo est erratum.* But several successive rules were afterwards taken by the plaintiff, on the court below, until finally they certified the proceedings to have been, as are above stated. The plaintiff then by leave of this court, made a further assignment of errors ; and the defendant joined in error.

If we are at liberty to review the history of this cause in the court below, it seems to me we must pronounce their proceedings erroneous ; after having set aside the verdict, because (as we must presume) it was an *unlawful one,* they ought not afterwards to have entered a final judgment upon it, and excluded the plaintiff from bringing another action, simply, because he had not paid the costs of the first trial. They seem to have proceeded upon the idea, that the verdict had only been conditionally set aside ; *that is,* upon condition that the plaintiff would pay the costs. This I apprehend, was a mistake into which they were probably led by the form of expression usually employed in entering the rule, viz : " that the verdict be set aside, and a new trial granted *on* payment of costs." The payment of costs, is no doubt a condition *precedent ;* not however, to setting aside the verdict, but to the party's having a new trial. The court never say to a party, we will set aside the verdict against you, if you will pay the costs. The question, whether a verdict ought, or ought not to be set aside, although it is said to be addressed to the sound discretion of the court, is nevertheless a question of law ; and when set aside, it is because justice forbids that any judgment should be rendered upon it. But the payment of costs, when it is ordered, is annexed as a condition upon which the party may have a new trial ; and yet *not strictly* as a condition in such a sense, that if it is not performed, there shall be *no* new trial. It is rather

Gilliland *v.* Rappleyea.

*an order* on the party, at whose instance the verdict has been set aside, that he shall pay the costs of the first trial; which order, like other interlocutory orders, may be enforced by attachment. When a verdict has been set aside at the instance of the plaintiff, and a new trial granted, on payment of costs by him, it is true, the defendant has an additional remedy; he may apply to the court to restrain the party from proceeding to a second trial, until the costs of the former trial have been paid. It then becomes, as to the plaintiff, a condition precedent. The court may tie up his hands until he pays the costs, or if he does not pay them, and bring his cause to a trial within such time as the court shall prescribe, he may be *non prossed* for not going to trial.

But it is contended by the defendant's counsel, that our inspection must be confined to the *record* sent up with the writ of error:—1st, because the proceedings after the trial, are not assignable for error; but matters of practice, in which, courts are governed by their own rules. And 2dly, because those proceedings are not properly before this court; not having been brought here by a writ of *certiorari* for that purpose.

In support of the first position, we are referred to the cases of *Woods and al.* v. *Young,* 4 *Cranch* 237; *Henderson* v. *Moore,* 5 *Cranch* 11; *The Marine Ins. Co.* v. *Young, Id.* 187; *The U. S.* v. *Evans, Id.* 280; *The Marine Ins. Co.* v. *Hodgson,* 6 *Cranch* 206; *Welch* v. *Mandeville,* 7 *Cranch* 152; *Liter and al.* v. *Green,* 2 *Wheat. R.* 306; *Bare* v. *Gratz,* 4 *Wheat. R.* 220; *McCourry* v. *Doremus,* 5 *Halst. R.* 245; and *Wright* v. *Hollingsworth,* 1 *Peters' U. S. R.* 168. But they are not applicable to the question before us. Like many other cases that might be cited, they only show, that refusals to put off the trial of a cause on the usual affidavit; to grant a new trial; to set aside a non suit; to receive an additional plea, or suffer an amendment; and generally the granting or refusing of applications to the mere discretion of the court, are not matters, upon which error can be assigned. So far therefore, as respects the rule on the plaintiff to pay the costs in thirty days, or be *non prossed,* I readily concede, it is not the proper subject for review upon a writ of error. But having *non prossed* the

plaintiff, and thereby put him out of court, they had no right to recur to a verdict, which had been set aside, and had therefore no legal existence, and enter up a final judgment thereon against the plaintiff; thereby concluding his rights forever, on the merits of this case. They might have refused to set aside the verdict, and order a new trial; and no error could have been assigned on such refusal. But having granted the motion, and awarded a *venire de novo*, they could not at a subsequent term, revive the verdict, and render judgment thereon.

2d, But it remains to enquire, whether those intermediate proceedings are properly before us, so that we can take cognizance of them.

I am not aware of any settled course of practice in this court. in relation to this matter. In the Kings' Bench, the rule undoubtedly is, that upon the return of the writ of error, the plaintiff is to assign errors *in the record :* and if he intends to rely on defects, not apparent on the face of the record, he must also assign the particular matter for error, at the same time alleging diminution, and praying a *certiorari* to have it certified to the court: 2 *Saund.* 101, *q.* 2 *in note ;* and cases there cited and reviewed. The form of such special assignment of error, and allegation of diminution, may be seen in *Tidd's Append.* 207; and in *Burr* v. *Waterman,* 2 *Cowen's R.* 36, 38 *in note.* The Supreme Court of New York, seem to have adopted the same practice. *Rowen* v. *Lytle,* 4 *Cowen's R.* 91; *Colden* v. *Knickerbocker,* 2 *Cowen's R.* 31 ; *Cheatham* v. *Tillotson,* 4 *Johns. R.* 499. The course pursued by the plaintiff in error, has been different. It is true, upon the return of the writ of error, he assigned the general error; and also a special one stating that the court below, after ordering a *non pros,* had rendered a general judgment against him, on a verdict in favor of the defendant. But instead of praying a *certiorari,* he proceeded by rules on the court below, requiring them to certify the facts to this court. Had the defendant in error, objected to this course, before he pleaded *in nullo est erratum,* he might have prevailed; but by joining in error, he has confessed not the errors, but the facts, on which the error is assigned. The plea of *in nullo est erratum,* is in the nature

Gilliland *v.* Rappleyea.

of a demurrer; it refers the matter at once to the judgment of the court, and supercedes the necessity of a *certiorari.* 1 *Archb. Prac.* 231, *and seq.;* 2 *Tidd's Prac. tit. Error* 1111, *Id.* 1118, 2 *Saund. R. in note;* 4 *Cowen's R.* 91, *Id.* 449; *Harvey* v. *Rickett,* 15 *Johns. R.* 87. In short, after joinder in error, neither party can alledge diminution, or have a *certiorari;* for it is an admission of the matters assigned for error. Yet it is a general rule, that at any time pending a writ of error, even after such plea pleaded, the court may *ex-officio,* award a *certiorari,* to supply any defect in the body of the record, or in its out branches; for though the parties are bound by their admissions, the court are not restrained from looking into the record. 2 *Tidd's Pr.* 1118; *Cromp. Pr.* 270; 1 *Str.* 440; 1 *Salk.* 270, *Id.* 907; 2 *Saund.* 197. But it is unnecessary to pursue this enquiry farther. The error, if it is one, of entering judgment on the verdict, after it had been set aside, is confessed by joinder in error. Although this court will not draw into discussion, upon a writ of error, such orders as have been made upon application to the mere discretion of the court below, yet error may be assigned on such intermediate proceedings in a cause, not apparent on record, as show the final judgment to be erroneous. The books of entries furnish almost innumerable precedents of assignments of errors on such matters *Lilly's Ent.* 221, 292. My opinion is, that judgment in this case should be reversed; and that the plaintiff be at liberty to carry his cause down to the Circuit, upon payment by him, of the costs of the former trial.

FORD and RYERSON Justices, concurred.

*Judgment reversed.*

CITED in *Norcross* v. *Boulton,* 1 *Harr.* 314 ; *Sloan* v. *Somers,* 3 *Harr.* 47 ; *Parsell* v. *State,* 1 *Vr.* 546 ; *Bruch* v. *Carter,* 3 *Vr.* 558.