MYNHARDT JANSEN, PLAINTIFF IN ERROR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY AND RICHARD ENGLISH, DEFENDANTS IN ERROR.

1. Where a contractor exercises an independent employment under his contract with a municipal corporation, such corporation is not responsible for the negligence of the contractor in the performance of the contract work.
2. In an action to recover damages for injury caused by the negligence of defendant's servant, the defence of common employment cannot prevail to exempt the defendant from liability unless the injured person and the servant whose negligence caused the injury were not only engaged in a common employment, but were also in the service of the defendant as a common master.

---

On error to the Supreme Court.

For the plaintiff in error, *Flavel McGee.*

For Jersey City, *William P. Douglass.*

For Richard English, *Corbin & Corbin.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Jansen brought this suit to recover damages for injuries to his person, which he charged to the negligence of the defendants.

In the year 1894 the city of Jersey City contracted for the erection of a new city hall.

The city owned the land upon which the building was to be erected, and made a contract with the other defendant, Richard English, for the mason and iron work of the building, according to the plans and specifications, under the supervision of an architect named in the contract. The entire duty of the architect and the inspector for the city was to see that the work was done according to the contract. The carpenter work was let to one Kiernan and the plumbing work to one Farrier. English subcontracted the iron work to the Fagan Iron Works. Jansen, the plaintiff, was employed by the Fagan Iron Works in the execution of their work upon the building, and while engaged in that service he was injured by the falling of a high wall which was being erected by English in the performance of his contract with the city.

The trial judge nonsuited the plaintiff as to both defendants.

English, under his contract with the city, exercised an independent employment, and it is the well-settled law of this state that the city cannot be held responsible for the negligence of English in the performance of the work he engaged to do for the city. No right of action appeared as against the city. *Cuff* v. *Newark and New York Railroad Co.*, 6 *Vroom* 17, 574.

In respect to English a different question is presented.

Under the authority of *Wiggett* v. *Fox*, 11 *Exch.* 832, the trial judge ruled that the servants of the subcontractor were fellow-servants with the servants of the contractor, English. That case has in more than one instance been accepted as an authority to support that proposition, but a careful examination will show that it has been misunderstood. Its authority has been challenged in England, where it has been overruled by the later cases.

In the case of *Johnson* v. *Lindsay*, L. R. (1891), *App. Cas.* 371, in the House of Lords, Lord Herschell and Lord Watson reviewed the previous cases upon this subject and

declared that it is essential to the defence of common employment that the person suing should himself be the servant of the master by whose negligence the injury has been caused. Unless the person sought to be rendered liable for the negligence of his servant can show that the person so seeking to make him liable was himself in his service, the defence of common employment is not open to him.

Lord Herschell says: "It is obvious that if the exemption of the master results, as it does according to the authorities, from the injured person having undertaken, as between himself and the person he sues, to bear the risks of his fellow-servants' negligence, it can never be applicable when there is no relation between the parties from which such an undertaking can be implied. There are other considerations which point in the same direction. It must be remembered that whilst a servant contracts with his master to bear the risks of negligence of his fellow-servants, there is, as has been more than once laid down, a corresponding duty on the part of the employer to take due care to select competent servants, and it would be most unreasonable to hold that he is exempt from liability for his servants' negligence in any case where he is not under this obligation."

English had no power to control the subcontractor in the selection of his servants, and was clearly under no duty in that respect.

The relation between master and servant is a contractual relation, and the liabilities and duties existing between them arise out of the contract of employment, and the right of the master to control and discharge the servant. If there is no employment the relation of master and servant and the obligations incident to it do not exist.

In Johnson *v.* Lindsay the court disapproved of Wiggett *v.* Fox, and referred to the fact that, in *Abraham* v. *Reynolds,* 5 *Hurlst. & N.* 143, Baron Channell explained Wiggett *v.* Fox, and the reason why he concurred in that decision, by saying that it was proved that the servant in that case was paid by the defendants, and that the defendants had a control

over and power to dismiss him, though he was engaged by the subcontractor.

The conclusion of the House of Lords, in Johnson *v.* Lindsay, after a discussion of the cases, was that, in an action to recover damages for injury caused by the negligence of the defendant's servant, the defence of common employment cannot prevail, unless the injured person and the servant whose negligence caused the injury were not only engaged in a common employment, but were in the service of a common master.

In my judgment that should be accepted as the true rule upon this subject. In this case Lindsay was an independent contractor, while the servant injured in Wiggett *v.* Fox was the servant of the subcontractor, but that, in the view taken by the court, made no difference. The reasons given for the decision of Johnson *v.* Lindsay apply with equal force to Wiggett *v.* Fox.

In *Cuff* v. *Newark and New York Railroad Co., supra,* the Supreme Court expressly declared that the principle upon which the superior, who has contracted with another exercising an independent employment for the doing of the work, is exempt from liability for the negligence of the latter in the execution of it, applies as between the contractor and his subcontractor.

This immunity of the contractor places the subcontractor in the same relation to him as that occupied by one exercising an independent employment upon the work, and therefore the same rule of law must pertain to both cases.

Mr. Justice Dalrimple, in pronouncing the opinion of this court in *McAndrews* v. *Burns,* 10 *Vroom* 117, said that a fellow-servant in a common employment is one who serves and is controlled by the same master.

In the case before us, Jansen cannot be regarded as a fellow-servant with the servants of the defendant English, and English can claim no exemption from liability on the basis of such fellow-service. The obligation and the exemption must be correlative—the one being absent, the other cannot reasonably be held to be present.

The duty which English owed to Jansen was the same duty he was under to every other person not in his service or employment, who was lawfully on the premises—who was there in the exercise of a right to be there.

I do not refer to mere permission to pass over the premises, or acquiescence in such passage for the convenience of the licensee, which was held in *Phillips* v. *Library Company*, 26 *Vroom* 307, to create no duty on the part of the owner, except to refrain from acts willfully injurious.

The obligation resting on English was to exercise the ordinary care of a prudent man to secure safety to persons upon the premises during the erection of the high wall.

If the injury to Jansen was caused by the failure of English or his servants to use reasonable precaution in bracing the wall, or reasonable care in doing the work of laying it up, he is guilty of actionable negligence.

The manner in which the wall which fell was constructed was the subject of evidence before the jury. Witnesses differed as to the propriety and safety of the method adopted by the contractor to secure it.

It did not appear that unavoidable danger attends work of that character where due care is exercised. Nor was it conceded that there was any wind, of consequence, to account for the disaster—there was testimony both ways on that point.

It was therefore a question for the jury, under all the circumstances of the case, whether English had exercised the degree of care he owed to the plaintiff. The trial court erred in withdrawing the case, as to English, from the consideration of the jury and ordering a nonsuit as to him.

A *venire de novo* should be awarded.

1. As to the liability of the Mayor, &c., of Jersey City—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LUDLOW, VAN SYCKEL, ADAMS, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 12.

*For reversal*—None.

2. As to the liability of Richard English—

*For affirmance*—LUDLOW, KRUEGER.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, VAN SYCKEL, ADAMS, HENDRICKSON, NIXON, VREDENBURGH.    10.