70  301
70  773

HANNAH M. STYLES, PLAINTIFF IN ERROR, v. THE F. R. LONG COMPANY, DEFENDANT IN ERROR.

Argued March 19, 1903—Decided February 29, 1904.

1. The defendant had contracted with the board of chosen freeholders of Passaic county to build a new bridge across the Passaic river, and during the course of construction to provide and maintain a temporary foot bridge and to assume all risks pertaining to its construction and use, and to watch and light the same. The plaintiff was injured under circumstances from which it might be inferred that her injuries were caused by a failure to light the temporary foot bridge properly. *Held*, that it was proper to direct a verdict for the defendant.

2. Where an injury to the plaintiff arises out of the failure of the defendant to perform a contract with a third person, the defendant, in the absence of positive duty apart from the duty to perform the contract, is not liable to the plaintiff, where the duty of a third person intervenes between the neglect of the defendant and the injury to the plaintiff.

3. In order that one not a party to a contract may maintain an action thereon, it must appear that the contract is made for him; it is not sufficient that he may be benefited by its performance.

On error to Passaic Circuit.

For the plaintiff in error, *William I. Lewis.*

For the defendant in error, *De Witt C. Bolton* and *William B. Gourley.*

The opinion of the court was delivered by

SWAYZE, J.   The facts of this case are stated in *Styles* v. *Long Company*, 38 *Vroom* 413.   After the reversal of the judgment of the Passaic Circuit the case was retried, and a verdict directed for the defendant in accordance, as was thought, with the views expressed in the opinion of the Supreme Court.   The judgment rendered on that verdict is now before us for review.   The plaintiff contends that the defendant is liable because, by its contract with the county authorities, it agreed to provide and maintain the temporary bridge, and to assume all risks pertaining to its construction and use.   The argument is that under this contract the defendant had sole control of the bridge; that it invited the public to use it, and is therefore liable for failure to light the bridge properly.   It is also suggested that the act of 1898 (*Pamph. L., p.* 481) makes it lawful for any person for whose benefit any contract may have been made to maintain an action thereon in his own name, notwithstanding the consideration of such contract did not move from such person.

The ordinary rule is that an action for a breach of contract must be brought either by a party to the contract or some one for whose benefit the contract is made.   There are cases where the existence of the contract subjects the parties to duties which are independent of the duty to perform the contract.   The duty of carriers of passengers (*Marshall* v. *York, Newcastle and Berwick Railway Co.*, 11 *Com. B.* 655); the duty of a vendor of drugs (*Thomas* v. *Winchester*, 6 *N. Y.* 397); the duty of the vendor of a gun to a person for whom it was bought (*Langridge* v. *Levy*, 2 *Mees. & W.* 519; 4 *Id.* 337); the duty of a person who participates in the management of a highly dangerous agency (*Van Winkle* v. *American Steam Boiler Co.*, 23 *Vroom* 240); the duty of a county clerk under the statute in canceling a mortgage (*Appleby* v. *State*, 16 *Id.* 161), are all of them instances where the duty was held

to be a positive duty, independent of the contract, although arising out of a state of facts created by the contract. The contract creates the situation which gives rise to the duty, very much as a conveyance of property imposes upon the grantee the duties of an owner of property—duties which would not be increased or diminished by covenants inserted in his deed.

Whether in any particular case a right of action in favor of third persons exists is a question of difficulty, upon which the cases are hard to reconcile upon general principles. It is, I think, safe to say that there is no right of action where the duty of another person to exercise care intervenes between the neglect of the defendant and the injury of the plaintiff. A good illustration is afforded by Thomas *v.* Winchester, above cited. If in that case it had been possible for the retail druggist to ascertain, by ordinary care in inspection, the fact that the article sold was belladonna, the plaintiff's remedy would have been against his immediate vendor, not against the wholesale dealer. Another illustration is afforded by *Marvin Safe Company* v. *Ward,* 17 *Vroom* 19, a case very similar to the present case, which was decided by the Supreme Court in 1884 and has never been questioned. The duty to provide and care for certain bridges rests, primarily, upon the county authorities, and by statute an action is given against the board of chosen freeholders for neglect to perform that duty. *Gen. Stat., p.* 307, § 9, act of March 15th, 1860. There are several cases of actions for failure to erect, rebuild or repair bridges to be found in our reports. All of them, except the Marvin Safe Company case, were against the county. *Ripley* v. *Freeholders of Essex and Hudson,* 11 *Vroom* 45; *Jernee* v. *Monmouth,* 23 *Id.* 553; *Freeholders of Morris* v. *Hough,* 26 *Id.* 628; *Mahnken* v. *Freeholders of Monmouth,* 33 *Id.* 404; *Weeks* v. *Freeholders of Somerset,* 39 *Id.* 622.

In the only instance in which a contractor for a bridge has been sued, the plaintiff failed to maintain his action against the contractor.

In a case where the duty to the plaintiff rests, in the first instance, upon some one not the defendant, and the plaintiff is injured by a failure to perform that duty, the proximate cause of the injury is the failure of the one who is under a duty immediately to the plaintiff. The failure of one whose duty is primarily to the third person, but not to the plaintiff, may, indeed, be a cause of the injury, but it is a remote, not a proximate, cause. The principle, as stated by Mr. Beven, is in effect the same, though couched in somewhat different language. *Beven Negl.* 61, where the English cases are stated and considered.

The plaintiff in the present case relies upon the invitation to use the bridge. That there was such an invitation to the public cannot be questioned, but it was the invitation of the county authorities, upon whom rested the duty to provide the bridge, who alone had authority to maintain such a structure. It is not contended that the bridge was a nuisance, as it would have been unless erected under the public authority. In most of the cases cited by counsel in which the defendant was held liable by reason of an invitation to the plaintiff, he was held liable for conditions existing upon his own lands. The case of *Jansen* v. *Jersey City,* 32 *Vroom* 243, was a case where no duty rested on the city, and the primary duty of care was on the defendant English.

The right of the plaintiff in the present case cannot be maintained upon the act of 1898, above cited. That act provides only for actions upon the contract, and gives no right of action in tort. The language is: "It shall be lawful for any person or persons for whose benefit any contract may have been made, or may hereafter be made, and whether said contract be under seal or not, to maintain an action *thereon* in his, its or their own name," &c.

Although this action is framed in tort, and the statute is inapplicable, it may be well to add that we have reached the same conclusions as the Supreme Court when the case was before that court.

The difficulties which presented themselves in the case of

suits by third persons upon contracts made by others were two—the want of privity and the want of consideration moving from the third person. These difficulties have been overcome in this state as to contracts not under seal by decisions of the courts (*Joslin* v. *New Jersey Car Spring Co., 7 Vroom* 141; *Whitehead* v. *Burgess, 32 Id. 75; Economy Building and Loan Association* v. *West Jersey Title Co., 35 Id. 27; Elmer* v. *Loper, 37 Id. 50*), and as to contracts under seal by the statute. The only effect of the decisions and the statute is that privity of contract is not requisite in order to maintain the action, and the consideration need not move from the person for whom the contract is made. Neither the cases above cited nor the statute go so far as to permit a suit upon contract to be maintained by persons with whom the defendant never meant to enter into contractual relations. It is not enough that the plaintiff may be benefited by the performance of the contract; he can only maintain the action when the contract is made for him. It would be a decided novelty to hold that anyone contracting with a municipal corporation is liable to an action of contract, not only by the corporation, but by every citizen of the municipality.

We find no error in the record and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.