### JACOB FISHER v. LOUIS A. MINEGAUX.

Submitted March 24, 1906—Decided June 11, 1906.

In a case of negligence, the defence of a common employment cannot prevail unless the injured person and the servant whose negligence caused the injury were in the service of the defendant as a common master.

---

On appeal from a District Court.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *John J. Mulvaney.*

For the defendant, *Frederick K. Hopkins.*

The opinion of the court was delivered by

GARRETSON, J.  The state of the case shows, on the part of the plaintiff, that the plaintiff was working upon a scaffold which he had erected in front of a house being constructed by one Laughran.

The plaintiff worked for Laughran, who was the owner and who did the mason and bricklaying work.

The scaffold was held in position by a series of "put-logs" or timbers, projecting from a point fourteen feet inside the building out six feet in front, through the window spaces and resting on the sills.  On the inside of the building the "put-logs" were fastened with four-inch strips to the floor beams, and these were held in place by a strip which went under the floor beams.  On the portion of the "put-logs" outside, in front of the building, planking was. arranged, which formed the scaffold.

The plaintiff went to work on the scaffold at eight o'clock on Monday.  He had worked on it the Saturday previous. At ten o'clock on Monday, while working on the scaffold with others, it gave way; the plaintiff fell to the ground and was injured.

The scaffold fell because one of the "put-logs" holding the same had been sawed away by Leonard, a workman of the defendant, on Thursday or Friday, about four days preceding the accident.  The defendant was the contractor for the plumbing work; Leonard worked for him, and under his direction had sawn away the strips holding the "put-logs" while engaged in doing plumbing work for the defendant; the work consisted in fastening the gas-risers to the floor beams, and it was necessary to cut the strip in order to so fasten the gas-risers.

The plaintiff did not examine the scaffold the morning of the injury.  He had been told several times by his employer and his employer's foreman to take care of the scaffold and to examine the same before going upon it.  He was not told that the strip holding the "put-log" in place had been cut by Leonard.

It is distinctly stated that Leonard was in the employ of the defendant and engaged in the defendant's work when he did the act which caused the scaffold to fall.

It was not one of the ordinary risks of the plaintiff's employment that the scaffold upon which he was working might be rendered unsafe by a stranger, so that in case of an injury resulting from the wrongful act of a servant of that stranger the stranger could invoke the doctrine of assumption of risk.

We see no negligence in the plaintiff in failing to examine the scaffold on the day he was injured. He had worked on it the Saturday previous in safety, and on the day he was injured for two hours before the accident.

The plaintiff was not a fellow-servant of the defendant's employe.

They were not hired by or paid by or were not subject to be discharged by the same master, and not engaged about the same work.

The plaintiff was hired directly by the owner of the building; Leonard was not hired by the owner of the building, but by one who had a contract to do a part of the work on the building entirely distinct from the work which the plaintiff was doing.

*Sheridan* v. *Foley*, 29 *Vroom* 230, is a case where the plaintiff, an employe of one having a contract to do the plumbing work upon a building, was injured while at his work by the negligent act of an employe of one having the contract to do the mason work upon the same building. The plaintiff's right to recover was sustained.

In *Jansen* v. *Jersey City*, 32 *Vroom* 243, it is held the defence of a common employment cannot prevail unless the injured person and the servant whose negligence caused the injury were not only engaged in a common employment, but were also in the service of the defendant as a common master.

The judgment of the District Court is affirmed, with costs.