SAMUEL SMITH, DEFENDANT IN ERROR, v. PUBLIC SER-
VICE CORPORATION OF NEW JERSEY, PLAINTIFF IN
ERROR.

Submitted December 6, 1909—Decided February 28, 1910.

1. It is not negligence to run a trolley car upon a public highway
at a rate of speed which is not incompatible with the lawful and
customary use of the highway by others with reasonable safety.
2. Such timely warning of the approach of a trolley car must be
given as will enable others to avoid any danger from it, and the
non-performance of such duty in approaching a street crossing
intended to be crossed is evidence of negligence, which, if the
natural and proximate cause of the injury complained of, is
actionable.
3. The rule of law requires that the damages chargeable to a wrong-
doer must be shown to be the natural and proximate effects of
his delinquency. The term "natural" imports that they are such
as might reasonably have been foreseen—such as occur in an
ordinary state of things; the term "proximate" indicates that
there must be no other culpable and efficient agency intervening
between the defendant's dereliction and the loss.
4. Whether the defendant's act or omission alleged to be negligence
naturally and proximately caused the plaintiff's injuries, is, as a
rule, a question for the jury. But if there is no evidence con-
necting the defendant's alleged negligence with the plaintiff's
injuries, or if it is obvious that the defendant's act or omission
was not the natural and proximate cause thereof, the question is
for the court.

On error to the Supreme Court.

For the plaintiff in error, *Alvah A. Clark.*

For the defendant in error, *William C. Gebhardt.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings up for review a
judgment entered for the plaintiff in the Supreme Court on
the verdict of a jury at the Hunterdon Circuit.

The action was one of tort for negligence.

The accident occurred at the corner of Park avenue and Fourth street, in the city of Plainfield.

The plaintiff was walking in a westerly direction on the sidewalk on the northerly side of Fourth street. As he was crossing over the crosswalk at the intersection of Park avenue, a trolley car of the defendant company running in a westerly direction on Fourth street approached the intersection of the streets. At the same time a horse and wagon driven at a trot by Augustus Nash came down Park avenue going south towards the intersection. When the horse reached the crosswalk where the plaintiff was walking, the driver, seeing the car crossing the intersection, partially checked his horse, when instantly the horse shied slightly to the right and struck the plaintiff, knocking him down and injuring him.

The evidence showed that measuring from curb to curb Fourth street is thirty feet wide and Park avenue thirty-five feet wide. The sidewalks were ten feet wide. The street railroad, in Fourth street, is a single track road, and is laid in the middle of the street. The "stop signal" for cars is eighty-five feet distant east from the east curb line of Park avenue. There was no clear evidence that the car in question had not stopped there as usual. By reason of the formation of the building at the corner, the driver of the horse, if he had looked, could have seen up Fourth street while still north of the crosswalk. The driver testified that he had the horse under control, but nevertheless the horse passed over the crosswalk into Fourth street, bearing to the right and near the car, before he was stopped.

At the close of the plaintiff's case, the defendant moved for a nonsuit upon the grounds—*first,* that there was no proof of negligence upon the part of the defendant, and *second,* that the negligence charged was not the natural and proximate cause of the accident.

We think the motion should have been granted.

If the defendant is liable at all it must be upon the theory set forth in plaintiff's declaration that the car was negligently driven at a "very rapid and dangerous rate of speed," and

without sounding any bell, whereby the horse was frightened and caused to hurt the plaintiff.

With respect to the speed of the car, it is clear that negligence cannot be predicated upon that, because there is no proof that it was excessive. On the contrary, it conclusively appeared that the car was under perfect control and was running at the ordinary and usual speed between stops under the conditions there present. It is not negligence to run a street car propelled by electricity upon a public highway at a rate of speed which is not incompatible with the lawful and customary use of the highway by others with reasonable safety. *Newark Passenger Railway Co. v. Block,* 26 *Vroom* 605.

With respect to sounding the bell, it is true that the proof justified the inference that it was not sounded. It is also true that such timely warning of the approach of a trolley car must be given as will enable others to avoid any danger from it (*Consolidated Traction Co. v. Haight,* 30 *Vroom* 577), and the non-performance of such duty in approaching a street crossing, intended to be crossed, is evidence of negligence, which, if the natural and proximate cause of the injury complained of, is actionable. *Consolidated Traction Co. v. Chenowith,* 32 *Id.* 554.

Assuming, but not deciding, that, under the circumstances of the present case, the failure to ring the bell or gong was evidence from which the negligence of the defendant company might be inferred, yet we think the injury to the plaintiff was not the natural and proximate effect of such negligence.

The rule of law requires that the damages chargeable to a wrong-doer must be shown to be the natural and proximate effects of his delinquency. The term "natural" imports that they are such as might reasonably have been foreseen—such as occur in an ordinary state of things; the term "proximate" indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss. *Wiley v. West Jersey Railroad Co.,* 15 *Vroom* 247; *Delaware, Lackawanna and Western Railroad Co. v. Salmon,* 10 *Id.* 299.

Tested by this rule, the evidence in the present case discloses

no liability upon the part of the defendant company. The failure of the motorman to sound the bell was not the natural and proximate cause of the injury. It is to be observed that it was not necessary to ring it in order to warn the driver of the wagon of the approach of the car, because he observed the car passing the street intersection before his horse had passed over the crosswalk. He therefore saw it in time to stop if he had been driving at a reasonable rate of speed. Under these circumstances, it cannot be that the plaintiff's injury was the result of the failure to sound the gong. The sudden checking of the horse would not ordinarily result in causing it to shy and injure a person passing over the crosswalk, nor was such result one that might reasonably have been foreseen. If it be said that the sight of the car was the cause of the fright of the horse, that does not help the plaintiff's case. The defendant had a right to have its car where it was, and to run it at the speed at which it was traveling, and it is not suggested that there was anything unusual in the appearance of the car. Certainly sounding the bell would not have avoided the fright of the horse, nor would it have tended to have avoided it; on the contrary, it probably would have added to it.

Whether an act or omission alleged to be negligence naturally and proximately caused an injury, is, as a rule, a question for the jury. But if there is no evidence connecting the alleged negligence with the injury, or if it is obvious that the act or omission was not the natural and proximate cause thereof, the question is for the court. 21 *Am. & Eng. Encycl. L.* (*2d ed.*) 508. Tested by that rule, the nonsuit should have been granted.

The judgment of the court below will be reversed, and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, GARRISON, PARKER, BOGERT, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 11.