## LOUISE FITZ RANDOLPH, PLAINTIFF, v. KARNO SMITH COMPANY, INCORPORATED, DEFENDANT.

Decided October 7, 1936.

For the plaintiff, *James J. McGoogan.*

For the defendant, *Katzenbach, Gildea & Rudner* (*George Gildea*).

OLIPHANT, S. C. C.   This matter is before me, sitting as a Supreme Court commissioner, on a motion to strike the complaint on the ground that it fails to set forth a cause of action against the defendant.  Among the reasons set forth are the following:

1. The facts alleged in said complaint, if true, would not entitle the plaintiff to judgment against the defendant.

2. A contractor who constructs a building upon the land of another is not liable to third persons for injuries received because of the manner in which such building is constructed.

3. The defendant owed no duty to the plaintiff to prevent the occurrence of the accident alleged in the complaint.

The question presented is—can an invitee on private property invited thereon by the owner, injured by a structural

defect or faulty construction of a structure on that property maintain an action against the constructor of that nuisance, if it be such?

Karno Smith Company, Incorporated, the· defendant, was a contractor employed by Trinity Cathedral at Trenton in the Diocese of New Jersey, an association for religious purposes, to erect a crypt on land of the cathedral. The complaint alleges that the defendant completed its contract on or about January 20th, 1936.

The plaintiff complains that on January 8th, 1936, while she was a member of the congregation of the cathedral, she attended services in the crypt and that on leaving it, while passing through a door she fell from a step to the footwalk leading from the crypt to the public street.

The complaint is in two counts, the first charging negligence and the second charging the defendant with the construction of a nuisance.

It is admitted by the plaintiff that the first count, that charging negligence cannot stand, so that our decision is confined to that count charging a nuisance.

It will be seen that this action is against the contractor, not the owner of the premises. The line of demarcation between negligence and the construction and/or maintenance of a private nuisance is very slight and difficult of definition. Blackstone says, "anything that worketh hurt, inconvenience or damage" is a nuisance (3 *Bl.* 216), but defines a private nuisance as "anything done to the hurt or annoyance of the lands, tenements or hereditaments of another." Joyce, in his work on *Nuisance,* page 18, defines a private nuisance as follows:

"A use made by one of his own property which works an irreparable injury to another's property, or which deprives his neighbor of the reasonable and comfortable enjoyment and use of his property, or which violates the unwritten but accepted law of decency, or which endanger or render insecure the life and health of his neighbor, is a nuisance. So every enjoyment by one of his own property which conflicts with the rights of another in an essential degree is a nuisance.

Another definition is: A private nuisance is 'where one so uses his property as to damage another's or disturb his quiet enjoyment of it.' A nuisance is also defined as a 'tort.' It is 'the use of one's own property which involves injury to the property, or other right, or interest of the neighborhood.' So where anything is constructed on a person's premises, which of itself, or by its intended use, directly injures a neighbor in the proper use and enjoyment of his property, it is a nuisance."

The nuisance here complained of was not on or contiguous to a public street. The plaintiff was an invitee on the cathedral property. The construction of the step was not a nuisance *per se,* it could only be made a nuisance by use. Its use was brought about by the invitation of the cathedral, not the defendant. The situation here differs greatly from street and highway cases where the public has a right without invitation to use the street or highway, and cases dealing with such situations are not pertinent here.

It cannot be denied that an owner of property can erect himself or hire a contractor to build on his own lands any kind of a structure, however faultily or improperly constructed. As an illustration, he can have his stairways built without railings or guards if he so desires. That is not the construction of a nuisance for which the contractor can be held liable. The owner might be liable for the maintenance of that nuisance but it is the use the steps are put to by reason of the invitation of the owner that creates the nuisance.

The erection of the step here complained of was not the proximate cause of the injury to the plaintiff. The proximate cause was the invitation by the cathedral to use that step. The doctrine of proximate cause applies equally to cases founded in negligence and in nuisance and in *Styles* v. *F. R. Long Co.,* 70 *N. J. L.* 301; 57 *Atl. Rep.* 448, Mr. Justice Swayze, speaking for the Court of Errors and Appeals, said:

"It is, I think, safe to say that there is no right of action where .the duty of another person to exercise care intervenes between the neglect of the defendant and the injury of the plaintiff. * * *

"In a case where the duty to the plaintiff rests, in the first instance, upon some one not the defendant, and the plaintiff is injured by a failure to perform that duty, the proximate cause of the injury is the failure of the one who is under a duty immediately to the plaintiff. The failure of one whose duty is primarily to the third person, but not to the plaintiff, may, indeed, be a cause of the injury, but it is a remote, not a proximate, cause.  *  *  *

"The plaintiff in the present case relies upon the invitation to use the bridge. That there was such an invitation to the public cannot be questioned, but it was the invitation of the county authorities, upon whom rested the duty to provide the bridge, who alone had authority to maintain such a structure."

The plaintiff relies in part on the doctrine that "a person who creates a nuisance, whether on his land or not, is liable to others for the damages they sustain by reason of his wrongful act" (*Ackerman* v. *Ellis*, 81 *N. J. L.* 3), and "an action for damages may be brought against the original erector or the continuer of the nuisance." *Beavers* v. *Trimmer*, 25 *Id.* 97, and *Garvey* v. *Public Service Co.*, 115 *Id.* 280; 179 *Atl. Rep.* 33. Those are broad statements of the rules but do not pertain to a situation such as presented here.

There is a dearth of cases dealing with facts paralleling the present case. My research has disclosed none in this state; few outside this jurisdiction. It may well be said the cause of this is that the doctrine contended for has never been thought well founded.

If actions such as the present could lie the liability of a contractor would never cease, and the doctrines of negligence and contributory negligence would be curtailed and perhaps eliminated where buildings, walks, roads and other articles or structures are defective and out of repair because dangerous to those approaching them. If the contention of counsel for the plaintiff is correct, all such actions would be founded on nuisance and a contractor while constructing or after he has completed his contract would be for all purposes an insurer of all persons coming on or near the work, even strangers to him rightfully upon the premises.

The best discussions of the problem are found in *Kilts* v. *Board of Sup'rs of Kent County et al.*, 127 *N. W. Rep.* 821 (at *p.* 822), and *Upp* v. *Darner*, 25 *Am. & Eng. Ann. Cas.* 574 (at *p.* 576).

In the former opinion it was said "we are of the opinion that a nuisance involves, not only a defect, but threatening or impending danger to the public, or, if a private nuisance, to the property rights or health of persons sustaining peculiar relations to the same, and that the doctrine should be confined to such cases." In the latter it was said "it is difficult at times to distinguish between actions of nuisance and actions bottomed on negligence; but in either case there must be a breach of some duty on the part of the defendant before an action will lie against him. Thus one is under no duty to keep his premises in a safe condition for the visits of trespassers. But, if he expressly or by implication invites others to come upon his premises, it is his duty to be reasonably sure that he is not inviting them into a place of danger and to this end he must exercise ordinary care and prudence to render the place reasonably safe for the visiting."

In the instant case, the defendant gave no invitation and had no control, as to users, over the crypt. The invitation to use was by the cathedral and any duty owed to the plaintiff was on the part of the cathedral. The plaintiff was a stranger to the contractor, the defendant. On the theory of counsel for the plaintiff the contractor would be forever liable and would subject every person who had anything to do with the authorizing, planning or erecting of this step to liability for the injury to the plaintiff.

It is, of course, unfortunate from the plaintiff's standpoint that she cannot bring suit against the owner of the property, but that cannot concern us and this complaint failing to state a cause of action against the defendant for the reasons hereinbefore set forth, the motion will be granted and the complaint stricken.