FARMLAND DAIRIES, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALBERT VAN TOL AND PETER VAN TOL, DEFENDANTS-APPELLANT.

Argued October 3, 1944—Decided December 18, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiff-respondent, *A. Leo Bohl.*

For the defendant-appellant, Peter Van Tol, *Andrew Mainardi* (*Archibald Kreiger,* of counsel, *A. Leon Kohlreiter,* on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. An inspection of the record before us discloses the trial of a plaintiff's action against two defendants, Albert Van Tol and Peter Van Tol. The court directed a verdict in favor of Albert Van Tol; a judgment was entered in his favor, and this judicial act is not in question in the matter before us. The case then proceeded as to Peter Van Tol. At the conclusion of the trial the jury announced a verdict in his favor and judgment was accordingly entered. Thereafter, on rule to show cause, this ver-

dict in favor of Peter Van Tol was set aside, the judgment vacated, and a new trial granted by the learned trial judge. This defendant now asserts that the trial judge erred as a matter of law in granting the new trial; further, that his action in so doing amounted to an abuse of discretion. Thus we meet what purports to be an appeal in a cause in which a final judgment is wanting. One case decided by our Court of Errors and Appeals describes such a situation as a "legal novelty." (See *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad,* 90 *N. J. L.* 189.) No citation of authority is necessary to support the proposition that an appeal may not be had at law until after final judgment, *i. e.,* a legal determination that completely disposes of the subject-matter of the litigation. Our Practice Act (*R. S.* 2 :27–349) provides: "An appeal will not lie in any case until final judgment is rendered." Many apt authorities are cited in the notes appended to this section of the statute by the annotators of *N. J. S. A.* If the interlocutory order, made on the rule to show cause in this case, amounted to legal error, it may be reserved as a ground of appeal after final judgment. *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482.

The purported appeal is dismissed. The respondent is entitled to costs.