ROBERT RICKARDS, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

IDA KNEZEK, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

ALBERT SMITH, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

JOSEPH HINES, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

CLAUD FIDLER, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

GEORGE SHEARMAN, PLAINTIFF, v. SUN OIL COMPANY, DEFENDANT.

Decided January 19, 1945.

For the plaintiffs, *Robert Peacock.*

For the defendant, *Starr, Summerill & Lloyd* (by *Frank T. Lloyd*).

BURLING, C. C. J. and S. C. C.   Six independent causes of action have been instituted in the Supreme Court with venue laid in Atlantic County by six independent plaintiffs against the same defendant.

Motions to strike out the complaint of each of the plaintiffs have been made by the defendant and consolidation of the movement and hearing upon said motions was made.

The basis of the motions is upon a general common law demurrer and raises common issues of law.

All of the plaintiffs operated business establishments in the City of Brigantine, in the County of Atlantic, and State

of New Jersey. These establishments ranged from a fishing pier and bar, hotels, cafes, gas station and repair shop, to produce and poultry. They all seek to recover losses from expectant gains.

For the purpose of these motions, the defendant admits the truth of all facts well pleaded in the complaints and the factual inferences which may be legitimately drawn therefrom. The sufficiency of the complaints, however, must be determined from the facts therein properly alleged from which a legal duty and the liability for the violation thereof are deducted. *Bengivenga* v. *Plainfield* (*Court of Errors and Appeals,* 1942), 128 *N. J. L.* 418 (at *p.* 424); 26 *Atl. Rep.* (2*d*) 288.

The negligent act of the defendant in crashing into the drawbridge which formed a part of the county highway between the Island of Brigantine and the Island of Absecon, in the County of Atlantic, and the resultant destruction of the bridge and the incident loss of utility of the bridge and the causeway pending reconstruction of the same, and that the said road (and the bridge forming a part thereof) is the only means of egress and ingress by roadway to Brigantine Island are accordingly admitted. No allegations are contained in the complaints of the knowledge of the defendant's agent (master of the barge) of the fact of the isolation of Brigantine Island.

The plaintiffs pivot their right to recover upon the assertion of the proposition that the negligent conduct of the defendant resulted in the destruction of the public highway and that it amounted to a nuisance, and that it is therefore liable to an action at a suit of any person who is thereby specially damnified, and that the plaintiffs are in that category. *Opdycke* v. *Public Service Railway Co.* (*Court of Errors and Appeals,* 1909), 78 *N. J. L.* 576 (at *p.* 582); 76 *Atl. Rep.* 1032; *Durant* v. *Palmer* (*Court of Errors and Appeals,* 1862), 29 *N. J. L.* 544 (at *p.* 547).

It is the position of the defendant that the complaints fail to disclose causes of action against it and more particularly that (1) it owed no duty to the plaintiffs and consequently could not be guilty of any negligence as to them, and that

(2) there is not alleged any legal damage proximately result-ing from the breach of any duty or obligation owed the plaintiffs by the defendant.

The plaintiffs' right to recover must be grounded in a violation of a duty. When the negligent act of the defendant destroyed the bridge, the duty to replace the bridge rested with the county government. Paragraph 7 of the complaints; *R. S.* 27:19–1, 10, 21; *Freeholders of Bergen* v. *State* (*Supreme Court,* 1880), 42 *N. J. L.* 263; *Styles* v. *Long Co.* (*Court of Errors and Appeals,* 1903), 70 *Id.* 301 (at *p.* 304); 57 *Atl. Rep.* 448; *Kahl* v. *Love* (*Supreme Court,* 1874), 37 *N. J. L.* 5 (at *p.* 8); *Robinson* v. *Freeholders of Passaic* (*Court of Errors and Appeals,* 1917), 91 *Id.* 154; 102 *Atl. Rep.* 359. And to the county befell the action to recover its damage against the defendant.

The failure of the defendant to perform its duty to the public and refrain from negligent action may be a cause of injury to the plaintiffs, but it is not the natural and proxi-mate effect of such negligence and therefore not actionable.

In defining proximate cause, it was declared in *Smith* v. *Public Service Corp.* (*Court of Errors and Appeals,* 1909), 78 *N. J. L.* 478 (at *p.* 480); 75 *Atl. Rep.* 937, that

"The rule of law requires that the damage chargeable to a wrongdoer must be shown to be the natural and proximate effects of his delinquency. The term 'natural' imports that they are such as might reasonably have been foreseen—such as occur in an ordinary state of things; the term 'proximate' indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss. *Wiley* v. *West Jersey Railroad Co.,* 44 *N. J. L.* 247; *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 39 *Id.* 299."

And in *Feldmesses* v. *Lemberger* (*Court of Errors and Appeals,* 1924), 101 *N. J. L.* 184 (at *p.* 186); 127 *Atl. Rep.* 815, it is declared:

"It is the boast of our common law that for every wrong there is a remedy, and upon this foundation is built the splen-did structure of our jurisprudence. Applying concretely this principle, the courts have endeavored to make the remedies

complete and effective, and to this end have declared the law which constitutes our present guide. On the one hand the law, as thus declared in dealing with the right of recovery, excludes those damages, which are remote, speculative and fanciful. On the other hand, it takes account of those damages which are the natural and proximate result of the wrongful act. (*Wiley* v. *West Jersey Railroad Co.*, 44 *N. J. L.* 247) and of those which must have been in the contemplation of the wrongdoer at the time of his offending. *Crater* v. *Binninger*, 33 *Id.* 513. In the last named case (similar to the present in that it was an action for deceit) Chief Justice Beasley, speaking for the Court of Errors and Appeals (at *p.* 517) says: 'The rule to be applied in cases of this character is that the defendant is responsible for those results, injurious to the plaintiff, which must be presumed to have been within his contemplation at the time of the commission of the fraud.' "

The doctrine of proximate cause applied equally to cases founded in negligence and in nuisance. *Fitz Randolph* v. *Karno Smith Co., Inc.* (*Supreme Court,* 1936), 15 *N. J. Mis. R.* 261 (at *p.* 263); 190 *Atl. Rep.* 486.

The entire doctrine assumes the defendant is not necessarily to be held for all consequences of his acts. Professor McLaughlin, article 39, *Harvard Law Review* (December, 1925), 149 (at *p.* 155). It is fundamental that there must be some reasonable limitation of liability for the commission of the tort. The wrongdoer is not liable in the eyes of the law for all possible consequences. He is thus responsible in damages only for the natural and probable consequence of his negligent act.

Each case stands upon its own factual situation. *Watson on Damages* (1901), 34; *Migliaccio* v. *Public Service Railway Co.* (*Supreme Court,* 1925), 101 *N. J. L.* 496 (at *p.* 499); 130 *Atl. Rep.* 9. If there were several avenues and roads of entrance and exit to Brigantine Island, there would be no difficulty in disposing of the motions. The roadway between the Island of Brigantine and the Island of Absecon opened a more readily accessible place of habitation with the resultant and concomitant mercantile opportunities. Since

there was only one means of ingress and egress by road, it adds to the difficulty in disposing of the motions and causes some hesitation.

No rule embraces within its scope all the resulting consequences of the given act. The effect would be to impose a liability entirely disproportionate to the act committed or to the failure to perform the duty assumed. Ultimate result must be such that a reasonable man should anticipate in the natural order of things. 15 *Am. Jur.* 471 and 472. Such consequential injuries must result as according to the common experience of mankind are likely to result from the act. Consequences that may be reasonably expected to result under ordinary circumstances from such misconduct. *Watson on Damages* 2. The test of liability to the particular person is whether injury to him ought reasonably to have been anticipated. *Migliaccio* v. *Public Service Railway Co., supra; Robbins* v. *Thies (Court of Errors and Appeals,* 1936), 117 *N. J. L.* 389 (at *p.* 393); 189 *Atl. Rep.* 67; *Adams* v. *Atlantic City Electric Co. (Court of Errors and Appeals,* 1938), 120 *N. J. L.* 357 (at *p.* 363); 199 *Atl. Rep.* 27, 726.

The negligence of the master of the boat had substantially come to rest. The defendant's liability existed for the direct and original consequence of his act to the county. Where there is no reason to expect damage to third persons in the category of the plaintiffs, and no knowledge in the person doing the wrongful act that such a state of things exists so as to render damage probable, it is generally considered that the wrongful act is not the proximate cause of injury so as to render the wrongdoer liable to an action. 2 *Restatement of the Law of Torts,* § 282, *comment G.*

In the case of *Kahl* v. *Love, supra,* it was declared:

"It is not everyone who suffers a loss from the negligence of another who can maintain a suit on such ground. The limit of the doctrine relating to actionable negligence is, that the person occasioning the loss must owe a duty, arising from contract or otherwise, to the person sustaining such loss. Such a restriction on the right to sue for a want of care in the exercise of employments or the transaction of business, is plainly necessary to restrain the remedy from being pushed

to an impracticable extreme. There would be no bounds to actions and litigious intricacies, if the ill effects of the negligences of men could be followed down the chain of results to the final effect."

No ordinary prudent person could reasonably have been expected to have foreseen the resultant injurious consequences and hence there was no actionable negligence in the absence of knowledge.

"If the wrong and resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events follow from the wrong, then the wrong and damage are not sufficiently conjoined or concatenated as to cause and effect to support an action." *Cooley* (*4th ed.*), *art.* 50 (at *p.* 108).

*Conclusion*—In *Smith* v. *Public Service Corp.* (*Court of Errors and Appeals,* 1909), 78 *N. J. Eq.* 478 (at *p.* 481); 75 *Atl. Rep.* 937, it was declared:

"Whether an act or omission alleged to be negligence naturally and proximately caused an injury, is as a rule, a question for the jury. But if there is no evidence connecting the alleged negligence with the injury, or if it is obvious that the act or omission was not the natural and proximate cause thereof, the question is for the court. 21 *Am. & Eng. Encycl. L.* (*2d* 508)."

Tested by that rule and applying to it the admitted facts in the complaints, the question for decision is for the court. It is obvious that the alleged wrong was not the natural and proximate result of defendant's negligence, and the defendant is not liable. The motions are granted.

In this disposition of the causes, it is not necessary to determine as a matter of law whether in the pleaded damages, the plaintiffs were specially damnified.

Appropriate rules may be presented.