8 N.J. Super. 20 (1950)
73 A.2d 203
NORMA CLOCK, APPELLANT,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1950.
Decided May 12, 1950.
*21 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Andrew O. Wittreich argued the cause for appellant (Mr. Francis A. Castellano, Jr., attorney).
Mr. Richard Fryling argued the cause for respondent (Mr. Carl T. Freggens, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
Interrogatories are the subject of this appeal.
Plaintiff, while crossing Bergenline Avenue in Union City, caught her foot under one of the rails of the defendant's street railway, and so was thrown to the ground and injured. Her complaint, filed in October, 1947, alleges that the pocket or depression in the pavement which brought about the mishap, existed only because of the failure of the defendant to keep in repair the pavement between the tracks; that "in consideration *22 of the charter or other permit given by the City of Union City, said defendant * * * covenanted and agreed with the said City of Union City that during the operation of its said trolley line, said defendant corporation would keep and maintain its trolley road, trolley tracks and appurtenances including the roadbed embraced within its trolley tracks and for some distance on each side of said trolley tracks in good repair and condition and safe for the use of persons lawfully having occasion to use said highway, as pedestrians or for other transportation purposes."
Defendant, answering the complaint, denied that it had so covenanted with the City. The plaintiff, in order to prove her case, served interrogatories pursuant to R.S. 2:27-165, asking if defendant had from the municipality a "charter, easement, agreement or other authorization in writing permitting it to lay, maintain, and operate" its trolley line. And if so, then to set forth any engagement therein by the defendant "to keep and maintain in good repair the roadway between defendant's tracks." On motion, the Common Pleas judge struck the interrogatories, March 5, 1948. When the action came on for trial in the County Court a year later, the parties stipulated that at the time of the accident, the pavement between the rails "was depressed due to ordinary wear and tear of motor vehicle traffic;" that plaintiff's foot went into a depressed spot, and she tripped against a rail and was injured. The plaintiff, reserving the right to prove damages, then rested, explaining that the striking of the interrogatories placed plaintiff in a position where she could not prove defendant's duty and obligation to repair the pavement. Thereupon the Court entered judgment for defendant.
On the appeal, the only reason for reversal presented is the striking of the interrogatories. We answer in the affirmative a preliminary question raised by defendant whether, on appeal from the final judgment, the order to strike may be reviewed. A final judgment may be reversed if it results from an erroneous decision of an interlocutory matter. Gilliland v. Rappleyea, 15 N.J.L. 138, 145 (Sup. Ct. 1835); *23 Defiance Fruit Co. v. Fox, 76 N.J.L. 482 (E. & A. 1908); Farmland Dairies v. Van Tol, 132 N.J.L. 298; affirmed, 133 Id. 313 (1945). The rule in equity was similar. Clair v. Terhune, 35 N.J. Eq. 336 (E. & A. 1882).
Defendant says that the interrogatories were properly struck because they were immaterial. To reach this result, counsel points out that ordinances requiring a street railway company to pave between the rails are construed to raise a duty in favor of the municipality only and not a duty toward one crossing the highway. Fielders v. North Jersey St. Ry. Co., 68 N.J.L. 343 (E. & A. 1902); Styles v. F.R. Long Co., 70 N.J.L. 301 (E. & A. 1904). Furthermore, the Legislature in 1927 defined by statute the duty of street railway companies to pave and repair the pavement on streets upon which their tracks are laid, and relieved such companies of all other obligations in that respect. R.S. 48:15-44 et seq.
We surmise that answers to the interrogatories would have disclosed nothing helpful to plaintiff, but we are unwilling to rule that no charter, agreement, or other authorization granted by the City and accepted by defendant, could be so worded as to create a duty which would be owing to the traveling public. And we cannot say that such an instrument  which might have been created since the 1927 enactment  is of necessity nullified by the statute. Before reaching any conclusion, we should have the document before us. And likewise the plaintiff was entitled to have the defendant disclose the facts before she was called upon to argue whether the facts gave rise to a cause of action. The interrogatories were propounded to obtain evidence in support of the plaintiff's averment on which the defendant joined issue. Clearly, the order to strike was erroneous.
Lastly, the defendant argues that plaintiff was not harmed by the action of the Common Pleas, because under the new rules that went into effect several months before the trial, she could have obtained the evidence she needed by deposition in advance of trial, Rule 3:26, or by new interrogatories. Rule 3:33, or by discovery and inspection, Rule 3:34, or by *24 subpoena duces tecum returnable at the trial. We think the plaintiff was excused from such further effort in the court below. While the order striking the interrogatories does not disclose the reason for the order, we assume it was the same reason that defendant has argued here, namely, that the evidence sought was immaterial. The same reason would continue to balk the plaintiff, whatever might be the path she selected for obtaining the evidence.
Let the judgment be set aside and the defendant be ordered to answer the interrogatories that were presented by the plaintiff.