## WILLIAM KINGSFORD *vs.* MARTIN H. HOOD.

Upon the issue between two persons of the same name, which is grantee in a deed of land to one of that name, evidence of statements of the grantor to a third person, before the making of the deed, and not in the presence of either of them, is inadmissible to show his own understanding to which the deed was to be made, or to show the intent of either concerning it; but evidence is competent that the deed was delivered to one of the two, and that he entered on and occupied the land, and of any of his acts or declarations which formed part of and gave character to the occupation.

No exception lies to the refusal of the judge to rule upon the question whether the evidence will support a verdict for the plaintiff, at any stage of a trial after which the parties introduce testimony.

WRIT OF ENTRY to recover land in Lynn. At the trial in this court, before *Ames*, J., the jury found for the tenant; and the demandant alleged exceptions which are stated in the opinion.

*S. B. Ives, Jr.*, for the demandant.

*J. C. Perkins & W. C. Endicott*, for the tenant.

MORTON, J. It appeared at the trial, that the demanded premises were formerly owned by John Newhall, and that the father of the demandant purchased them at auction in April 1845, a year before the demandant was born. No deed was given until June 13, 1846, when Mr. Newhall executed the deed under which both parties claim. The deed was delivered to the father, and he paid the consideration. There was some conflicting testimony as to the real name of both parties; but it is admitted that for the purposes of this case they are to be considered as having both borne the same name, of William Kingsford. In 1848 the father became hopelessly insane, and has continued so to this time. The demandant claimed that he was the grantee in the deed from Newhall, and that his father took it for him, intending it as a provision for him. The tenant claimed that the father was the grantee in the deed.

In this state of the case, the court ruled that if, at the time of the delivery of the deed to him, the father had a fixed, definite and final intent that the purchase should be for, and the deed should be to, the son, the demandant would be entitled to recover. This ruling allowed the demandant to recover, if the father had a *bonâ fide* fixed intent that the deed should be to the son, although the father paid the consideration, and such intent was secret and not indicated in any manner in the deed. This ruling was sufficiently favorable to the demandant, and no exception is taken to it by him.

The issue to be submitted to the jury was, who was the grantee in the Newhall deed. As there were two persons of the same name, to either of whom the deed would apply, there was a latent ambiguity as to the grantee, which opened the case for explanatory parol evidence. *Crawford* v. *Spencer*, 8 Cush. 418. *Peabody* v. *Brown*, 10 Gray, 45. Upon this issue, the demandant offered to show by Edward Newhall, who at the request of the

grantor, John Newhall, drew up the deed, that when the grantor requested him to prepare the deed, he informed him that it was to be a deed to the infant son of Dr. William Kingsford, and said that the doctor was an alien and wished the deed to be made to his son for that reason. The court rightly rejected this evidence. These statements of John Newhall, so far as they tended to show his understanding as to who was the grantee in the deed, were immaterial. He was obliged to give a deed to William Kingsford; whether, when delivered, it enured to the benefit of the father or of the son depended upon the intent of Dr. Kingsford at the time of delivery, and not at all upon the understanding of Mr. Newhall. So far as the statements tend to show the intent of Dr. Kingsford, they were incompetent. Not being made in the presence of the tenant or his grantor, they were mere hearsay. The demandant contends that they were admissible as part of the *res gestœ*. But in order to make declarations, accompanying and giving character to an act, admissible as part of the *res gestœ*, the act itself must be admissible. The fact that Edward Newhall prepared the deed at the request of the grantor was entirely unimportant and immaterial. If similar declarations had accompanied the delivery of the deed, they might under this rule be competent. But as the act, of which the statements offered formed a part, was incompetent, the declarations themselves were inadmissible. *Lund* v. *Tyngsborough*, 9 Cush. 36.

The tenant was permitted, against the objection of the demandant, to prove the acts and declarations of the father, tending to show that he treated the property as his own and called it so, and conducted himself as if he was the real grantee in the deed, being restricted to such acts and declarations as were prior to the mortgage to Hyde, under which the tenant claims. The bill of exceptions does not show the specific acts and declarations which were admitted. In a case like this, where the question is, Which of two persons having the same name, is grantee in a deed? we think it is competent to show that the deed was delivered to one of them, and that he entered into and continued the occupation of the granted premises, treating them as his own. Such occupation is a continuing act, commencing at the delivery of the deed;

and has a strong tendency to show that the person so occupying was the grantee in the deed. It was therefore competent for the tenant in this case to prove that the deed was delivered to Dr. Kingsford, and that he entered upon and occupied the premises under it. This being so, we think that any acts or declarations of Dr. Kingsford, which formed part of and gave character to his occupation, were admissible. They tended to show the nature of the act of occupation, and were thus a part of the *res gestæ*. *Lund* v. *Tyngsborough*, 9 Cush. 36. As the exceptions do not show that any acts or declarations were admitted which do not fall within this rule, they cannot be sustained. The case of *Osgood* v. *Coates*, 1 Allen, 77, relied upon by the demandant, does not apply. The declarations excluded in that case appear to have been mere declarations of the tenant of the premises in his own favor, not a part of or giving character to the act of occupation.

One other exception remains to be considered. The demandant, to prove his title, put in the deed from Newhall to William Kingsford, and rested his case. The tenant then put in a mortgage from William Kingsford to Daniel Hyde, proof of a foreclosure of the mortgage by Hyde, and a deed of the premises from Hyde to him. He also proved that the said mortgage was signed by the father; that the father purchased the premises of Newhall, paid the consideration money and received the deed. At this stage of the case the demandant requested the court to rule that he was entitled to a verdict. The court ruled otherwise, and the demandant excepted; and thereupon both parties introduced further testimony. It is a sufficient answer to this exception, to say that the judge is not required to rule upon the question whether the evidence will or will not support a verdict for the plaintiff, until the evidence is all in. If he is requested to do so, and refuses, and the parties then introduce further testimony, no exception lies to such refusal. *Morgan* v. *Ide*, 8 Cush. 420. *Priest* v. *Wheeler*, 101 Mass. 479. This is decisive of this exception, but we do not wish to be understood to imply that if both parties had rested their case the ruling would have been incorrect.

*Exceptions overruled.*