MARTHA A. OATES, Admx., *vs.* UNION RAILROAD COMPANY.

MARCH 28, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Jurors.   Objection to Qualification.*

Where it does not appear that a juror was not qualified, or that his presence on the panel in any way prejudiced a party, objection that he was not duly drawn comes too late, after verdict.

(2)  *Ordinances.   Evidence.   Common Carriers.   Negligence.*

Ordinances of a municipality limiting the speed and regulating the management of street railways are admissible in evidence in an action for negligence against a common carrier, although not declared upon in the declaration, as bearing upon the question of the conduct of the plaintiff, since the plaintiff had the right to expect that the carrier would observe the requirements of the ordinances, and his reliance upon that expectation would not constitute contributory negligence.

(3)   *Ordinances.   Evidence.   Common Carriers.   Negligence.*

Ordinances of a municipality limiting the speed and regulating the manage-
ment of street railways are admissible in evidence in an action for negligence
against a common carrier, although not declared upon in the declaration,
upon the question of defendant's negligence, since, although the violation of
the ordinance may not itself be a ground of action, yet, if such violation is
the cause of the injury, evidence of the violation is *prima facie* evidence
of negligence.

(4)   *Ordinances.   Negligence.   Common Carriers.   Street Railways.*

Violation of an ordinance of a municipality regulating the management of
street railways is not negligence in law, but the ordinance is to be used by
the jury as an aid in determining the question of negligence.

(5)   *Evidence.*

Evidence tending to show that the course claimed to have been pursued by
defendant, as developed by the evidence of its witnesses, was not such as a
careful person would have taken, is admissible in rebuttal.

(6)   *Procedure.   Motion to Direct Verdict.   Nonsuit.*

A motion to direct a verdict for defendant after close of plaintiff's case is ad-
dressed to the discretion of the court, and a refusal is not subject of excep-
tion.
Judgment upon the insufficiency of the plaintiff's case alone should generally
be as of nonsuit.

TRESPASS ON THE CASE for negligence.   Heard on excep-
tions of defendant after denial of motion for new trial by Su-
perior Court, and exceptions sustained and new trial granted.

DOUGLAS, C. J.   This action was brought by the adminis-
tratrix of Patrick Oates, who was killed by the collision of the
defendant's trolley car with a tipcart which he was driving
upon a public highway, in the city of Providence, May 29, 1902.
It seeks to recover damages for his death, alleging that the
collision was caused by the negligence of the defendant's
servants.   The car struck the hub of one of the wheels of the
cart as the latter had nearly crossed the car track.   The shock
threw the intestate from his seat on the cart to the ground.
A wheel of the cart passed over his body, and his injuries re-
sulted in death the same evening.

At the trial in the Superior Court the jury found for the
plaintiff, and assessed the damages at the sum of four thousand
and ninety-five dollars.

(1)     The defendant duly filed a petition for a new trial in that court upon the grounds that one George W. Bennett, who served as a member of the jury, was not drawn as a juror, and that the verdict was against the evidence.

The trial justice denied this petition, and the defendant excepted to his decision and now brings his bill of exceptions to this court, assigning as error the denial of the petition and certain rulings of the justice at the trial to which exception was taken.

The objection in regard to the juryman as a ground for new trial was properly overruled.  It appears that the name George W. Bennett, Jr., clerk, appeared on the list of persons drawn by the board of aldermen of the city of Providence, to serve as jurors in the Superior Court, but that the city clerk, having ascertained that George W. Bennett, senior, was a clerk and George W. Bennett, junior, was not, conceived that George W. Bennett, senior, was the person drawn, and so erased the letters "jr." as a clerical error.  Notice was accordingly served on George W. Bennett, who appeared in court and was duly impanelled.  We can hardly say that this was error.  But it does not appear that George W. Bennett was not duly qualified, or that his presence on the jury in any way prejudiced the defendant.  In such case it has been held that after verdict the objection that a juror has not been duly drawn comes too late.  *Sprague* v. *Brown*, 21 R. I. 329.

In the course of the trial the plaintiff offered in evidence the ordinances of the city of Providence limiting the speed and regulating the management of trolley cars.  The defendant's counsel objected, on the ground that the violation of the city ordinances was not alleged in the declaration as a ground of action;  but the court admitted them as establishing a rule of conduct the infraction of which would be negligence, and furthermore charged the jury "that if you find that at the time of the collision the car in question was being propelled at a greater rate of speed than ten miles an hour, in violation of that ordinance, that the defendant was guilty of negligence as a matter of law, and if by reason of such negligence the injury to the deceased occurred, the plaintiff is entitled to recover;"  and

in reply to the defendant's request to charge: "That the violation of the ordinances of the city does not excuse the plaintiff from exercising reasonable care," the court refused the request and allowed the defendant an exception.

The charge of the court, as a whole, stated very clearly the law relating to the relative rights of the car company and the driver of a cart in the circumstances shown, and the request might have been refused, as having been already substantially given. If the court had so stated we think the refusal would not have misled the jury; but as they had just been told that disobedience of the city ordinance constituted negligence which entitled the plaintiff to recover, the specific refusal to modify the statement by the addition of the proposition contained in the request was likely to be understood as excluding contributory negligence as a defense in case of breach of an ordinance. It may not be improper, in this connection, to say that the practice of reading to a jury a request to charge which is refused is always unnecessary and often misleading. Requests to charge are required, by Superior Court Rule 17, to be submitted in writing. So much of the instruction, or such modification of it, as the court thinks correct and applicable to the case should be given to the jury, and exceptions to modifications and refusals should be allowed and made part of the record by direction to the stenographic clerk. But aside from this objection, we think that the court erred in its conception (2) of the application and effect of the city ordinances. The objection urged by the defendant to the admission of them, that they were not declared upon, is not tenable. It was held in *Heeney* v. *Sprague*, 11 R. I. 456, that the violation of a duty imposed by a city ordinance is no ground for a civil action; and in *Grant* v. *Slater Mill & Power Co.*, 14 R. I. 380, that, unless a statute prescribes a duty for the benefit of a particular class of persons, no civil action will lie for the breach of it. And it is evident that the rules prescribed by the city council for the control and management of the cars in the streets of the city, made in pursuance of authority given them by the statutes, must be pertinent as bearing upon the question of the conduct of the plaintiff's intestate. The deceased had a right to ex-

pect that the company would observe the requirements of the ordinances, and his reliance upon that expectation would not . constitute contributory negligence. *Williams* v. *O'Keefe,* 9 Bosworth, 536. In the exercise of his lawful rights every man has a right to act on the belief that every other person will perform his duty and obey the law. *Jetter* v. *N. Y. & H. R. R. Co.,* 2 Abb. Ct. App. Dec. 458, 462; *Hays* v. *Tacoma Ry. & P. Co.,* 106 Fed. Rep. 48. Where a city council or ordinance has prohibited the running of railroad trains through its limits at a rate of speed greater than that named in the ordinance, a traveler upon a street in such city, crossing the track of a railroad, has a right to presume that the company will conform to such regulation. If he acts in accordance with such presumption in the absence of knowledge of the fact that the railroad company is exceeding such limit in running a train, it will not of itself be an act of negligence. *Hart* v.

(3) *Devereux,* 41 O. St. 565. We think, also, that these regulations may be deemed relevant upon the question of the defendant's negligence. Although the violation of the statute or ordinance may not itself be a ground of action, yet, if the violation of the duty imposed for the safety of the public is the cause of the injury, evidence of the violation is *prima facie* evidence of negligence. Abbott. Tri. Ev. 734; Shearm. & Redf. Neg. § 484.

(4) The court, however, went too far when it charged that such violation was negligence in law. None of the rules of the road are so imperative that it is always negligence to disobey them. In the case at bar the deceased saw the car approaching and made some signal to the motorman; it was therefore entirely immaterial whether the bell was rung, to notify him of the approach of the car, although the ordinance prescribed that it should be. So it may often be the highest care for a driver to turn to his left, when the rule of the road prescribes the right. The office of such ordinances in civil cases is to be used by the jury as aids in determining the question of negligence. The province of the jury, is not to determine that a given act is negligent because it is a violation of an ordinance or regulation, but to declare such an act to be negligent because it is not

marked by the degree of care which the circumstances impose. The ordinance is one of the circumstances only which they are to take into account. If they find a certain degree of speed to be negligent, it must be because they think such speed in the circumstances to be likely to cause harm, not because such speed is contrary to law.

The next exception is to the introduction of a series of questions addressed to the defendant's conductor and to a witness called to contradict the conductor's answers.

The conductor was asked if, on the Sunday after the accident, he said to Dr. Callahan, in Briggs's drug store on Smith street, that "if he had had his regular motorman on that car the accident would not have happened." The conductor denied that he so stated and Dr. Callahan was called and testified that he did so state, to all of which evidence the defendant excepted.

The admission of this testimony was erroneous. The conductor's opinion as to the efficiency of the motorman was not pertinent or admissible in the case, and as a matter of fact it had not been asked for. His alleged statement to Dr. Callahan was not a contradiction of any of his testimony. As the question to the conductor was erroneously admitted, it follows that the examination of Dr. Callahan was likewise erroneous; and the whole line of inquiry on this subject manifestly tended to prejudice the jury against the defence.

(5) The defendant excepted to certain questions asked of plaintiff's experts, who were called, in rebuttal, to show that the management of the car by defendant's servants, as described by the defendant's witnesses, was negligent. These exceptions do not seem to be relied upon at the hearing, and we need only say about them that we see no objection to the general scope of the inquiry. It is admissible to show, in rebuttal of the defence, that the course claimed to have been pursued by the defendant's servants, as developed by the evidence of its witnesses, is not such as a careful person would have taken.

The objection that certain of the hypothetical questions did not correspond with the facts in evidence need not be considered, as the evidence to be adduced upon a new trial may differ from the present record. It is unnecessary to re-affirm

the familiar doctrine that hypothetical questions should be based upon the evidence or possible deductions of fact therefrom.

(6)    At the conclusion of the plaintiff's case the defendant moved the court to direct a verdict for the defendant, and claimed an exception to the denial of the motion. It has been repeatedly held that such a motion is addressed to the discretion of the court. It is said in *Wetherbee* v. *Potter*, 99 Mass. 354: "The court was not bound to rule upon the sufficiency of the plaintiff's evidence to maintain the action, before the whole testimony was closed upon both sides. It is entirely a matter of discretion whether to do so or not, and is not open to exception. This has been too often decided to admit of any question," citing *Bassett* v. *Porter*, 4 Cush. 487; *McGregory* v. *Prescott*, 5 Cush. 67; *Morgan* v. *Ide*, 8 Cush. 420; *Barrett* v. *Malden and Melrose R. R. Co.*, 3 Allen, 101; *Manning* v. *Albee*, 14 Allen, 8; *Bradley* v. *Poole*, 98 Mass. 179. The same doctrine is affirmed in *Kingsford* v. *Hood*, 105 Mass. 495. See also *Kolze* v. *Jones*, 64 Ill. App. 291, and *Emrich Co.* v. *Brown*, 63 Ill. App. 39, where it is held that the right to an exception to a motion to direct a verdict is waived by the defendant proceeding to put in evidence in defence.

Our own practice has always conformed to the Massachusetts doctrine. Judgment upon the insufficiency of the plaintiff's case alone should generally be as of nonsuit, which would leave him the right to renew his action if so advised. *Tilden* v. *R. I. Co.*, 27 R. I. 482.

The defendant's exceptions to the several errors of law above referred to are sustained; its petition for a new trial is granted, and the cause is remanded to the Superior Court for further proceedings.

*Sheehan and O'Brien*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman and Alonzo R. Williams*, for defendant.