GEORGE ROBERTS, ADMINISTRATOR OF THE
ESTATE OF RICHARD EDWARD ROBERTS

*vs.*

CHARLES NEIL.

Cumberland.    Opinion, October 7, 1941.

*John G. Marshall,* for the plaintiff.

*Berman & Berman,* of Lewiston, on brief, for the plaintiff.

*Frank T. Powers,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MURCHIE, J.   This case comes to the court on motion for a new trial filed by the plaintiff following a verdict for the defendant. Claim is that the verdict should be set aside because the charge of the presiding justice contained manifest errors in law which resulted in injustice to the plaintiff. The action was brought by the administrator of a decedent whose death resulted from the impact of an automobile driven by the defendant with a mule-drawn vehicle in which plaintiff's intestate was riding in the late afternoon on November 10, 1939.

It should be noted at the outset that no exceptions were taken by the plaintiff to any particular statement in the charge and that the plaintiff, who now complains of numerous omissions as well as of some misdirections therein, made no request either for the correction of any instruction given or for instructions upon any particular point.

Proper procedure, whenever in the trial of a case any improper instruction is given to a jury or there is any failure or omission to give appropriate instructions upon an issue which arises in the course of the proceedings, is definitely stated in Rule 18 of the Rules of Court, as follows:

"Exceptions to any opinion, direction or omission of the presiding justice in his charge to the jury must be noted before the jury, or all objections thereto will be regarded as waived."

This rule, as was stated in *McKown* v. *Powers, et al.*, 86 Me., 291 at 296, 29 A., 1079, represents merely the affirmance of long standing practice and should be generally known among the practitioners before this court. The duty of counsel who claims to be aggrieved in any manner in a charge to the jury is, as stated in that case on page 295, to

"clearly ask what rule he desires to be given, and clearly indicate to what rulings he objects, before the jury are sent out with the case. When the points thus relied upon by either party are thus clearly presented to the judge, and made known to the other side, the judge is less likely to err, and may be able to correct errors already made."

The court is of opinion that practice at variance with the rule aforesaid should not be encouraged, but a rather definite exception to the application of the rule has been heretofore developed in instances where a jury has been given instructions which were plainly erroneous or which justified belief that the jurors might have been misled as to the exact issue or issues which were before them to be determined. In *Pierce* v. *Rodliff*, 95 Me., 346, 50 A., 32, a motion was sustained because instruction had been given contrary to a definite statutory provision. In *State* v. *Wright*, 128 Me., 404, 148 A., 141, a like result was ordered on appeal because instruction had been given that there was no distinction between criminal and civil negligence. There was no specific exception on the point before

the court. *Inhabitants of Trenton* v. *City of Brewer,* 134 Me., 295, 186 A., 612, furnishes illustration of a verdict set aside on motion, not for any actual misdirection in the charge, but because of the omission to instruct with reference to a particular issue of fact which might have been controlling in favor of the defendant had decision thereon been made in accordance with his claim.

Enough has been said by the court in earlier decisions to indicate that it is only the exceptional case which will be found to justify a new trial when proper practice has been disregarded. Examples of this are found in the declarations that the practice of raising questions on a motion "is not to be encouraged" (*Pierce* v. *Rodliff,* supra, at 348), and that it "is not compatible with best practice" (*Inhabitants of Trenton v. City of Brewer,* supra, at 299). Determination need only be made as to whether the present case falls within the limits already established for application of the unusual rule. We believe that it does.

The facts disclose clearly that decedent, at the time of the accident, was standing in a dump-cart; that defendant's motor vehicle, traveling in the same direction, collided with the left rear wheel of the dump-cart in overtaking and attempting to pass; and that decedent was thrown from the vehicle by force of the impact and suffered injuries from which he died a few days later.

Stipulation was entered in the case that the sun set at the place of the accident on the particular day at 4:20 o'clock, and the plaintiff makes no claim that the mule-drawn vehicle carried such a light as is required by statute to be lighted one-half hour after sunset (R. S. 1930, Chap. 29, Sec. 83).

The record discloses that there was a very clear conflict of testimony upon several questions of fact. The principal ones are: (1) whether the collision occurred before, or after, 4:50 P.M., and (2) whether at the time of the collision it was light or dark. Lesser issues included questions as to whether the light on the defendant's motor vehicle, and others, were light-

ed, and whether or not defendant's vision was affected by the light of a vehicle approaching along the highway from the opposite direction.

In last analysis the contention of the plaintiff seems to be rather against the charge as a whole on the ground that it misled the jury to a belief that the single issue involved was the time of the accident, and that a finding that it occurred later than 4:50 P.M. should result in a verdict for the defendant than against any particular statements contained therein, although four separate excerpts (one quite long one) are quoted in the brief and much of the context thereof is referred to in more than one place in argument.

The general objection seems to be sound. It is well settled in our law that proof of violation of a statutory regulation is "prima facie evidence of negligence," *Tibbetts* v. *Harbach,* 135 Me., 397 at 403, 198 A., 610, 613, and cases therein cited, but it is equally well settled as noted in the same case, and supported by the citation of ample authority, that unless the act which represented the violation of the regulation "was a contributing proximate cause," it should carry no probative value and be disregarded.

In *Pierce* v. *Rodliff,* supra, the court stated that it was evident that the statutory provision which laid the foundation for sustaining the motion of the plaintiff "was inadvertently overlooked by the presiding justice." It seems obvious that the same thing is true with reference to the requirement of proximate causation in connection with the violation of a law of the road in this case. As the record is examined, this is not strange. Allegation in each of the four counts of plaintiff's writ is that the accident occurred at the hour of 4 P.M. "in the legal definition of time." The testimony shows a very considerable amount of evidence, given by witnesses for the plaintiff, which was designed to show that the impact occurred prior to 4:50 o'clock in the afternoon, and much of the testimony offered on behalf of the defendant was designed to show that the time was later. True there was a considerable amount of testimony

as to whether it was daylight or dark, but there is a clear impression, on a general reading of the declaration and the testimony, that time was a controlling element. This explains a statement made by counsel for the defense very shortly before the charge was delivered and not challenged by counsel for the plaintiff: "The case was tried on time."

It is clear that it may have been decided "on time"; that the jury may have been misled by the emphasis which the court placed on the time issue in his charge and felt that determination of that one issue was final. It is indubitable that there was no sufficient instruction that the test to be applied to the failure to have a light on the mule team, if it should be determined that the accident occurred after 4:50 P.M., was whether or not it represented a cause which contributed proximately to the result. Rather the opposite was conveyed by the words:

> "There would be a presumption of negligence and there has been no attempt to overcome that presumption because the plaintiff claims that the collision occurred within the half-hour. That is the big question as I see it, and I think as counsel see it, for you to decide."

On the whole it seems apparent that the plaintiff has brought himself within the exception to the rule of safe and proper practice, and the mandate must be

*Motion sustained.*
*New trial granted.*