STANLEY SITKO *et al. vs.* PETER JASTRZEBSKI.

STANLEY SITKO *vs.* SAME.

JEANNETTE SITKO *vs.* SAME.

JULY 14, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. These are three actions for negligence, which, by agreement of the parties, were tried together before a justice of the superior court sitting without a jury. At the conclusion of the evidence, which was the same in all cases on the question of liability, he rendered a decision for the defendant in each case, whereupon the respective plaintiffs prosecuted a bill of exceptions to this court. Since the declaration in each case on the issue of liability is the same, and as the determination of that issue is decisive of all three cases, we will hereinafter, for convenience, treat them as one case brought by a single plaintiff, our decision applying, however, to all three cases.

The declaration is in two counts. The first count alleges that, on December 9, 1940, the defendant was the owner of a four tenement house in the city of Woonsocket, and that the plaintiff Stanley Sitko rented and occupied with his family a tenement on the fourth floor of that house. This count then alleges that it was the duty of the defendant to comply with section 154 of the building ordinance of said city, which is set forth as follows: "Every building occupied by two or more families or households, and every apartment, boarding, lodging, or tenement house, now or hereafter erected, which is two or more stories in height, shall have at least two separate and distinct stairways, the construction, protection and width of which shall be approved by the Inspector, but one stairway and proper fire escapes approved by the Inspector may be used in existing buildings of three or more stories in height."

The second count alleges that it was the duty of the defendant to comply with section 119 of the aforesaid building ordinance, which, as set forth in said count, is as follows: "Every building in the first district and every building two or more stories in height in the second district shall have

a scuttle or a bulkhead with a door on the roof and a ladder or stairs leading thereto, and easily accessible to all occupants of such building. No scuttle shall be less than two by three feet."

The declaration further alleges in the respective counts that the defendant was negligent in failing to provide fire escapes or a scuttle as required by the ordinance; that a fire occurred on December 9, 1940; and that the plaintiff, while he was in the exercise of due care, was injured "as a direct and proximate result of said negligence." (italics ours) The failure to observe the above-mentioned provisions of the ordinance is the only negligent act of the defendant alleged in the declaration. A demurrer to this declaration was overruled.

The facts in this case are either undisputed or agreed to by stipulation of the parties. It appears in evidence that the defendant was the owner of a four story wooden tenement house, which had been built before the ordinance was adopted. The plaintiff Stanley Sitko was a tenant of the defendant. He and his family, consisting of his wife and small child, occupied one of the two tenements on the fourth floor of that house. In a fire on December 9, 1940, Stanley Sitko and his wife were severely injured and the child lost its life. These three cases are brought to recover damages for such injuries and death.

The evidence shows that there was no scuttle or bulkhead in the roof of the house, and that it had only one stairway and no fire escapes. The parties stipulated that "the cause of the fire was not due to the fault of the owner of the building."

The plaintiff, contending that the violation of the ordinance is conclusive evidence of negligence, or negligence as a matter of law, asks us to overrule the decision of this court in *Heeney* v. *Sprague*, 11 R. I. 456. In that case this court was called upon to decide only the narrow question whether the defendant's violation of an ordinance, creating a duty which she was not charged with at common law, was in and

of itself sufficient ground for imposing liability upon her for injuries sustained by the plaintiff. Upon a review of the authorities, it was flatly held that the mere violation of an ordinance did not impose such liability.

In other cases, where there is the violation of an ordinance that prohibits the doing of a certain act or commands its performance and a person is injured by reason of the very commission or omission of such act, it has been held that the ordinance may be admitted in evidence and its violation proved as evidence of negligence. In *Oates* v. *Union Railroad Co.,* 27 R. I. 499, at page 503, this court says: "Although the violation of the statute or ordinance may not itself be a ground of action, yet, if the violation of the duty imposed for the safety of the public is the *cause* of the injury, evidence of the violation is *prima facie* evidence of negligence." (italics ours) *Sears* v. *Bernardo & Sons,* 44 R. I. 106.

This rule respecting the violation either of an ordinance or of a general statute has been consistently applied by this court in actions for negligence in numerous cases. In the case of *Rossi* v. *Ronci,* 63 R. I. 250, which involved a question similar to the one in the instant case, at page 254 of that opinion, we say: "In this state, the ordinary rule in actions for negligence is that the violation of a statute of general application is a circumstance to be considered in connection with all the other facts and circumstances in evidence on the question of negligence." We further say in the *Rossi* case that, in an action based on the violation of such a statute, evidence of injury *proximately caused* by the violation is *prima facie* evidence of defendant's liability and entitles the plaintiff to recover, unless rebutted by evidence in favor of the defendant.

Conceding that in the instant case the failure of the defendant to comply with the ordinance was *prima facie* evidence of negligence on his part and that there was no rebutting evidence in his favor, nevertheless the plaintiff was not entitled to recover unless, as he alleged in his declara-

tion, he suffered injury "as a direct and proximate result" of that negligence. The trial justice clearly considered the evidence on this material point and found as a fact that there was no "definite evidence that, if the ordinance had been complied with and the fire escapes supplied, the injuries and death would have been prevented." The plaintiff makes no claim that the trial justice misconceived or overlooked any material evidence in his consideration of the case.

From our examination of the record, we cannot find any evidence which fairly tends to show that the injury to the plaintiff was the natural and probable result of the defendant's negligence. We cannot say, therefore, unless we resort to conjecture and speculation, that the trial justice was clearly wrong in finding against the plaintiff on the issue of proximate cause.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for the entry of judgment on the decision.

*Edward F. Dwyer, Irving I. Zimmerman,* for plaintiffs.
*John J. Mee,* for defendant.