VIRGINIA BURR *vs.* THE FALL RIVER NEWS COMPANY, INC.
BONNIE SUE BURR *vs.* SAME.
WILLIAM BURR *vs.* SAME.
WILLIAM BURR *vs.* SAME.

JULY 21, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   These are four actions of trespass on the case for negligence arising out of a collision between two motor vehicles.   The plaintiff William Burr brought one action to recover for personal injuries and for property damage to his automobile, and another to recover for medical and other expenditures made by him in connection with injuries sustained by his wife Virginia Burr.   The latter and their minor child Bonnie Sue Burr are the plaintiffs respectively in the other two actions.   The cases were tried together in the superior court before a justice sitting with a jury, and at the conclusion of all the evidence the defendant's motion for a directed verdict in each case was granted.   Each case is before us on plaintiff's single exception to such decision.

The declaration in each case contains a single count and bases the claim of liability on the allegation that defendant by its agent and servant so "carelessly and negligently operated and controlled said motor truck in such manner * * * that the person and property of all lawful users of said public highway, including the plaintiff, were then and there endangered" and thereby caused the plaintiff William Burr to drive his car against the rear of said motor truck with resulting personal and property damages.   Unless otherwise specified we shall hereinafter refer to William Burr as the plaintiff.

The evidence relied upon in each case as to liability is

substantially the same and discloses the following facts. The plaintiff owned and operated a Ford automobile, hereinafter called the car, and was proceeding along East Main Road in the town of Portsmouth in a southerly direction toward Newport. East Main Road is a four-lane highway running north and south, each lane being ten feet wide, so that the whole traveled portion is forty feet wide. A slight curve in the road is mentioned but not specifically located, and the testimony is that the road in general is straight for a considerable distance in either direction from the place where the accident happned. The collision took place about 5:15 o'clock in the morning of January 18, 1946 while it was dark. The plaintiff's wife and daughter were guests in his car.

Shortly prior to the accident, when the plaintiff's car was at the foot of an incline called Quaker Hill, he saw a red light near the top of the hill. There was no traffic or other light at that location and he presumed it was the rear light of an automobile. No other vehicle was going toward Newport ahead of the plaintiff excepting the defendant's truck. Plaintiff continued to travel at 30 to 35 miles per hour, proceeding on his own right side of the highway and apparently in the extreme westerly lane.

According to his testimony, as he rounded a slight curve in the road a Short Line Transportation Company bus was coming toward him from Newport going in a general northerly direction. The bus was occupying its right or easterly lane, and when 70 to 100 feet away from the plaintiff the headlights of the bus blinded him so that he could not see anything, just as if his eyes were closed. He nevertheless proceeded without reducing his speed and a moment later suddenly saw a shadow. Almost instantly thereafter he drove his car into the rear of the truck. The latter was either stopped or moving very slowly on its right side of the highway in the extreme westerly lane headed toward Newport, that is, in the same direction in which the plaintiff was traveling.

It appears from other testimony that the defendant's truck had been stopped shortly before the accident to permit the operator's helper to cross the highway in order to deliver a paper to the bus driver, who had stopped his bus on the easterly side. After the paper had been delivered the helper returned to the truck in which the operator had remained and according to their testimony the truck was started toward Newport. The bus driver also had started his bus and, after passing the plaintiff, had gone some 25 feet in a northerly direction when the driver observed through his mirror conditions indicating that the plaintiff apparently had driven into the rear of defendant's truck.

The evidence is uncontradicted that just before the collision, when the truck had stopped to permit delivery of the paper to the bus driver, the headlights of the defendant's truck were lighted. There is also uncontradicted testimony that these headlights and the taillight were operated on one button switch; that when the headlights were lighted the taillight necessarily was lighted at the same time; that these were all in good working order before and after the accident, notwithstanding the collision from the rear; and that the taillight was not hidden under the truck's body but was substantially flush with the rear thereof.

The plaintiff contends chiefly that the trial justice erred in directing a verdict for the defendant on this evidence because (1) there was evidence to go to the jury on the questions of the defendant's negligence and the plaintiff driver's freedom from contributory negligence; (2) that the question of proximate cause should be treated as synonymous with that of contributory negligence, and that since the plaintiff was not guilty of contributory negligence as a matter of law in failing to stop when temporarily blinded by the bus lights, the question of proximate cause therefore was also to be determined by the jury; (3) that the plaintiff's contributory negligence, if any, could not be imputed to the guest plaintiffs; and (4) that the absence

of a lighted taillight on the truck and the blinding of plaintiff by the bus headlights were concurring proximate causes of the accident.

In our opinion a verdict was properly directed for the defendant. There is no question as to the law governing a trial justice on a motion to direct a verdict. The evidence for the plaintiff must be considered most favorably to him for the purpose of deciding such a motion. In the instant case the plaintiff relies upon the absence of a lighted taillight on the defendant's truck as the ultimate basis for establishing liability against it. But there is no direct testimony of probative value from any witness that the taillight of the truck was not lighted before and at the time of the collision. All the evidence for the plaintiff is to the effect merely that the witnesses *did not see* any taillight. They all admitted that they had not looked, either before or after the accident, to see if the taillight was lighted.

On the other hand the positive evidence is that the defendant's taillight was lighted and that the truck was moving in its proper lane toward Newport just before and at the time of the collision. Without some evidence of probative value the jury would not have been justified in finding that the taillight of the truck was not lighted. See *Enterprise Garnetting Co.* v. *Forcier,* 67 R. I. 336. Therefore there was no evidence of probative value for the jury to consider on the basic question of defendant's alleged negligence and liability.

But assuming that there was some reasonable inference to the effect that the truck's taillight was not lighted, the decision of the trial justice was correct. He viewed the evidence most favorably to the plaintiff according to the established rule. He expressly assumed that the taillight of the defendant's truck was not lighted and that parking the truck without such a taillight in the place and circumstances would constitute some evidence to go to a jury on the question of defendant's alleged negligence. Notwith-

standing these assumptions, however, he expressly pointed out that wholly apart from any question as to plaintiff's possible contributory negligence there was nothing in the evidence to show that the absence of a lighted taillight on defendant's truck was a proximate cause of the collision.

In other words, he in effect gave the plaintiff the benefit of the assumption, for the purposes of the motion to direct, that there was no evidence of his contributory negligence, thus placing him on the same basis with the other plaintiffs, who as guests were free of any contributory negligence in the premises. He nevertheless concluded that upon the most favorable view of the evidence for the plaintiff the only reasonable conclusion was that the plaintiff's vision was impaired by the headlights of the Short Line bus, and that such blinding lights rather than the absence of a taillight on the truck was the sole proximate cause of the collision. Regardless of whether or not the truck's taillight was lighted, plaintiff could not see the truck because of the blinding bus lights. Therefore the taillight was not a part of the chain of causation. In our opinion the evidence thus viewed supports the trial justice's conclusion.

We do not agree with the plaintiff's contention, based on cases from other jurisdictions, that the question of proximate cause is identical with that of contributory negligence. There may be cases where they are related closely. But this is not true where the defendant's original negligence, if any, becomes merely a past condition or circumstance which is moved out by an intervening independent cause so that such original negligence in no way continues to operate effectively in whole or part as the proximate or concurring cause of the accident. See *Brey* v. *Rosenfeld*, 72 R. I. 316.

In our judgment the case of *Parenteau* v. *Parenteau*, 51 R. I. 263, relied upon by the plaintiff is not contrary to this conclusion. We find nothing therein to warrant his contention here that absence of a rear light on the defendant's truck which he nevertheless could not have seen

even if it was lighted, because his vision was impaired by the blinding lights of the Short Line bus, was nevertheless the sole or at least a concurring proximate cause of this accident. In any event, in our judgment the plaintiff received the benefit of that case because the trial justice in making his decision did not hold the plaintiff driver negligent and did not impute any negligence to the guest plaintiffs in the other actions. On the contrary he in effect assumed they were all free from contributory negligence. That case therefore does not support plaintiff's contention.

In our opinion the only reasonable conclusion to be reached on the evidence when considered most favorably to the plaintiff is that the absence of a lighted taillight on the defendant's truck, if proved, did not operate effectively in whole or part as the proximate cause of the accident.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the verdict as directed.

*Julius Schaffer, Alexander G. Teitz,* for plaintiffs.

*Francis V. Reynolds,* for defendant.