Richard E. BENNETT, Administrator of the Estate of Evelyn E. Bennett, Deceased, Appellant,

v.

ARCTIC INSULATION, Inc., and Delbert E. Boyer, Agent, Acting Within the Scope of His Employment, Appellees.

Richard E. BENNETT, Appellant,

v.

ARCTIC INSULATION, Inc., and Delbert E. Boyer, Appellees.

Nos. 15374, 15464.

United States Court of Appeals Ninth Circuit.

March 26, 1958.

Robert A. Parrish, Fairbanks, Alaska, for appellant.

Collins & Clasby, Mary Alice Miller, Charles J. Clasby, Fairbanks, Alaska, Bronson, Bronson & McKinnon, Kirke LaShelle, Charles Legge, San Francisco, Cal., for appellees.

Before HEALY, POPE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

These two actions, one for personal injuries, and the other for wrongful death, arose out of the same automobile accident. The complaints in both actions contain substantially identical allegations: that defendant Arctic Insulation was the owner of a motor vehicle which had been entrusted to its agent Boyer, the other defendant; that the latter negligently and carelessly left the vehicle unattended, unlocked, and with the keys therein, in an area where several night clubs were located at Fairbanks, Alaska; that the agent Boyer should have known or reasonably have foreseen that the vehicle might be removed without consent or authority; that the vehicle was stolen by a soldier who drove it so negligently that it collided with an automobile in which plaintiff was driving; that in consequence of such collision plaintiff Richard E. Bennett received personal injuries, and his wife, Evelyn E. Bennett, received injuries from which she died.

The court below sustained motions to dismiss both complaints for failure to state a claim, and entered judgment dismissing the actions. Upon this appeal the sole question is whether the plaintiff had set forth a claim upon which he was entitled to go to trial.

The question of the liability of the owner of a motor vehicle to a third person who is run down by a thief who stole it while the keys were left in the car, is one which has frequently been dealt with by the courts. A short but adequate summary of the various ways in which these cases have arisen is found in 1951 Wisconsin Law Review at page 740. Representative cases are also cited in Prosser on Torts, 2nd ed., pp. 276 and 142. For the purposes of this de-

cision, it is unnecessary to review the cases at length or to do other than set forth the reasons why we arrive at our conclusion here. Suffice it to say that the cases fall into two general categories: in some of the cases there have been statutes or ordinances which expressly prohibit the owner or operator of a motor vehicle from leaving his key in the vehicle when it is unattended; in others there has been no such statute. In some jurisdictions which have such statutes it has been held that the owner or operator who has violated the statute becomes liable for injuries done to a third person, or to his property, by a thief who takes the vehicle and causes the injuries. Some cases hold otherwise notwithstanding such statutes. On the other hand, in jurisdictions which like Alaska have no statute upon the subject, it has generally been held that there is no liability, although a few decisions may be found the other way. The cases thus referred to will be found collected and discussed in the texts cited above. The question now before us is what rule should be applied in Alaska. There are no precedents in that jurisdiction.

We must first ascertain what if any duty was owed by the owner and operator of this motor vehicle to this appellant and his wife in respect to the leaving of the keys in the ignition switch in this vehicle. We think that a fair statement of the prevailing view as to the test to be applied in determining whether there was any duty to appellant and his wife is that of Harper & James, The Law of Torts, § 18.2 as follows: "[T]he obligation to refrain from that particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous. Duty, in other words, is measured by the scope of the risk which negligent conduct foreseeably entails."[1]

It has been argued here and below that leaving keys in an unguarded car foreseeably may encourage and lead to the theft of the car which in turn may foreseeably lead to hazardous driving of the car by the thief with resultant injury to third persons. Such was the holding in Schaff v. R. W. Claxton Inc., 79 U.S.App.D.C. 207, 144 F.2d 532, 533. Quoting an earlier decision of the same court, Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, it was said: "In the absence of an ordinance * * * leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or 'proximate' cause of resulting accident." Hence it was said the case should be submitted to the jury with instructions to find for plaintiffs if they found the driver was negligent in leaving the car unlocked and that this was a proximate cause of the accident.

An opposite view, and one representing the weight of authority was expressed in Richards v. Stanley, 43 Cal.2d 60, 271 P.2d 23, 25. In that case the whole subject of when the owner of an automobile may be liable for injuries received by third persons at the hands of a thief who stole the car in which the owner had left the keys is exhaustively discussed. Stating that the question of liability was to be solved by an inquiry as to whether the owner owed any duty to the person injured, the court said: "It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member." Contrasting the cases where a statute prohibited the leaving of keys in an unattended vehicle, the court held that where there was no such statute there was no duty on the part of the vehicle owner to the person receiving injuries at the hands of the thief, and that there was no occa-

---

1. Restatement, Torts, § 281 is the same effect. See Comment "c".

sion for submitting the case to the jury for no duty had arisen.

In our view the same conclusion is called for here, and we are persuaded that that it the proper view by several considerations, some of which will be found fully discussed in the California case cited.

It is well recognized that where the owner of a motor vehicle entrusts it to another for the latter's own use, there is no liability upon the owner for injuries inflicted by the borrower of the vehicle while he is using it, in the absence of proof that the borrower was known to be incompetent. When a friend borrows a car the owner knows it will certainly be driven. When the owner leaves the key in the car he does not know that. All that can be said is that he should anticipate that a thief *might* take it and drive it. As the California court put it: "The risk that it will be negligently driven is thus materially less than in the case in which the owner entrusts his car to another for the very purpose of the latter's use."

It is argued that the person who leaves the keys in the switch assumes the foreseeable risk not merely that some thief will drive the car but that the thief will drive it in a negligent or careless manner. Without questioning the possibility that it could be demonstrated by statistics or otherwise, that thieves ordinarily drive recklessly or frequently have accidents with stolen cars, yet we cannot overlook the known fact that unmarried male members of a family under twenty-five years of age also have many accidents when driving their parents' automobiles. The parent of a 21 year old son who is allowed to drive the family automobile must pay two or three times the ordinary rate for automobile liability insurance. The statistics show the hazard that requires this. All statutes aside, the same foreseeability of injury which could be charged to the man who leaves his keys in the car because thieves are notoriously careless drivers would also serve to make every parent liable for the torts of his unmarried son under 25 years of age while driving the family car. We cannot hold the owner liable in one case and not in the other.

This is a subject which has been dealt with in many states by legislative enactment. The Alaska legislature has not chosen to establish any new duty in respect to leaving keys in cars. Accordingly we hold that the majority rule is here applicable, that there was no duty owed by the appellees to appellants, and that the judgments of the court below must be affirmed.