VIOLA L. CLEMENTS *vs.* VAHIAN TASHJOIN.
HAROLD J. CLEMENTS *vs.* VAHIAN TASHJOIN.
THOMAS F. BOUTIER *vs.* VAHIAN T. ASHJIAN.

MARCH 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These three actions of trespass on the case for negligence were heard together in the superior court on the defendant's demurrer to each declaration. The cases are here on each plaintiff's exception to the trial justice's decision sustaining each demurrer.

Each declaration is in two counts. The first alleges the breach of a common-law duty and the second the breach of a duty under G. L. 1956, §31-22-1. The facts out of which the alleged cause of action arose are similarly averred in each declaration. We shall therefore confine our discussion to the declaration of Viola L. Clements but what we say shall be applicable to the other declarations.

Her first count alleges that defendant left his automobile with the key in the ignition lock unattended on the grounds of the Butler Health Center in Providence, generally known to be a mental hospital; that he knew or should have known or foreseen that patients in the hospital or other unauthorized persons on its premises would have access to his automobile and operate it by reason of the key being in the lock; that it was his duty to remove the key therefrom while the automobile was left unattended; that by reason of his breach thereof a patient in the hospital operated the automobile over and along a public highway in Providence in a careless and negligent manner; that it collided with another automobile operated by plaintiff; and that as a result thereof she was injured.

The second count alleges identical facts but avers as a breach of defendant's duty toward plaintiff his violation of the provisions of G. L. 1956, §31-22-1, which reads as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."

The defendant's demurrer alleges that neither count sets forth a legal duty owed by him to plaintiff, any negligent act on his part which was a proximate cause of plaintiff's injury, or any cause of actionable negligence against him. It concludes that each count charged him with the negligence of a third person not his servant or agent.

The trial justice sustained the demurrer substantially on the ground that an independent intervening act of a third person broke the chain of causation between the negligence of defendant, if any, and the plaintiff's injury. He based his decision on the ground that defendant was not bound to anticipate that a thief would steal his automobile and

negligently operate it so as to collide with another vehicle on the highway.

Under her exception plaintiff contends that the trial justice erred in finding that an independent intervening cause broke the chain of causation since, she argues, it is clear from the allegation of her declaration that such cause was not the act of a responsible person. In support of such contention she apparently relies on the allegation, which the demurrer admits, that the Butler Health Center was a mental hospital and that defendant should have known or foreseen that a mental patient therein might attempt to operate the automobile. However, the trial justice expressly found that such allegation "adds nothing to the declaration. Mentally ill persons, taking the expression 'mentally ill' in its broadest sense, are to be found everywhere." In other words he did not consider that the declaration was so well pleaded as to imply that mentally *incompetent* and *irresponsible* persons would be at liberty about the grounds of the hospital.

With this finding we are in agreement. Therefore plaintiff is not helped by her citation of *Reek* v. *Lutz,* 90 R. I. 340, 158 A.2d 145, wherein this court held that the intervening act of a child of tender years was not as a matter of law the act of a responsible third person so as to break the chain of causation. In the absence of more definite and specific allegations that mentally incompetent and irresponsible persons were likely to be at liberty about the grounds and that defendant should have anticipated or foreseen that such a person could gain access to the automobile and attempt to operate it, the demurrer does not admit anything more than the fact that an unauthorized person could and did take the automobile. In other words it admits that the automobile was stolen by the person whose negligent operation thereof is alleged by plaintiff's declaration to have caused the collision with her automobile on the public highway.

On this view of the pleadings the problem before us resolves itself into a simple question, whether the negligence of defendant, if any, in leaving his automobile in the place and in the manner he did, was a concurring proximate cause of plaintiff's injury notwithstanding that the thief's negligence was the direct cause thereof. Or, stated otherwise, did the negligence of the thief intervening between defendant's negligence and plaintiff's injury break the chain of causation and render such negligence the remote cause and the thief's negligence the sole proximate cause.

As far as the first count is concerned there is little or no difficulty. At common law defendant owed no duty to plaintiff to lock the ignition of his car in order to hinder unauthorized persons from tampering with it. An automobile is not a dangerous instrumentality although it may become dangerous in the hands of an immature or irresponsible person. Only if it could be reasonably inferred from the allegations of the first count that defendant knew or should have known that such persons were likely to be about the grounds of the hospital would there be an issue of fact whether the theft of the automobile and the subsequent negligent operation of it on the highway were the natural and probable consequences of defendant's act of omission.

Those allegations do not submit to such an inference. Proof of them would establish only that the automobile was stolen and negligently operated by the thief. Such proof would be insufficient in law to make out a case of actionable negligence against defendant. He was not bound to foresee that those consequences would naturally and probably flow from his neglect to lock the ignition and remove the key. In cases of this kind in other jurisdictions where no statute or ordinance was involved such is the general view almost without exception. *Galbraith* v. *Levin,* 323 Mass. 255; *Bennett* v. *Arctic Insulation, Inc.,* 253 F.2d 652; *Curtis* v. *Jacobson,* 142 Me. 351; *Lotito* v. *Kyriacus,*

272 App. Div. (N. Y.) 635; *Saracco* v. *Lyttle,* 11 N. J. Sup. 254; *Richards* v. *Stanley,* 43 Cal.2d 60.

A split of authority exists where an ordinance or a statute similar to G. L. 1956, §31-22-1, is involved. But even in such cases the great weight of authority holds to the above view. *Kiste* v. *Red Cab, Inc.,* 122 Ind. App. 587; *Roberts* v. *Neil,* 138 Me. 105; *Fontaine* v. *Charas,* 87 N. H. 424; *Austin* v. *Buettner,* 211 Md. 61; *Sullivan* v. *Griffin,* 318 Mass. 359; *Falk* v. *Finkelman,* 268 Mass. 524; *Permenter* v. *Milner Chevrolet Co.,* 229 Miss. 385, 91 So.2d 243; *Anderson* v. *Theisen,* 231 Minn. 369; *Corinti* v. *Wittkopp,* 355 Mich. 170; *Maggiore* v. *Laundry & Dry Cleaning Service, Inc.,* (La. App.), 150 So. 394.

However, plaintiff in the case at bar contends the better reason rests with the minority and in support of her contention relies chiefly upon *Ney* v. *Yellow Cab Co.,* 2 Ill.2d 74. She intimates that this is the more enlightened view notwithstanding the weight of authority against it and strongly urges us to follow it. Not to do so and to adhere to the majority view, she argues, would "thwart the salutary effect" of the statute by adherence to an "archaic doctrine."

She further argues that for us to hold "as a matter of law, that no proximate cause exists in the circumstances of this case, would render nugatory the meaning and effect of the very legislation designed to prevent the hazards which contribute to the carnage upon our highways." This is the language of zealous advocacy but it reflects in a somewhat heightened degree the tone and temper of portions of the Illinois court's opinion in the *Ney* case justifying its departure from the current of authority to the contrary. We have pondered it but are not persuaded to follow it.

This court long ago declared that the violation of a statute or an ordinance was not of itself ground for a civil action unless such right was annexed thereto, *Heeney* v. *Sprague,* 11 R. I. 456, or unless it prescribed a duty for the

314

benefit of a particular class of persons, *Grant* v. *Slater Mill and Power Co.*, 14 R. I. 380. And some years later in *Oates* v. *Union R.R.*, 27 R. I. 499, it was expressly held that if the duty imposed by the statute was for the safety of the public, violation of it would be prima facie evidence of negligence but not negligence per se. More recently, we reiterated those views in *Rossi* v. *Ronci*, 63 R. I. 250, and *Sitko* v. *Jastrzebski*, 68 R. I. 207. In the latter case we were strongly urged to overrule the *Heeney* case but declined to do so. And while we there recognized that violation of the law was evidence of negligence, we required the plaintiff to prove that the violation was the direct and proximate cause of the injury and not merely a condition or circumstance which furnished the occasion therefor.

We subsequently held that where such violation is a past condition or circumstance it cannot be deemed a proximate cause of the injury. *Brey* v. *Rosenfeld*, 72 R. I. 28; *Burr* v. *Fall River News Co.*, 75 R. I. 476. The principle is succinctly stated in 65 C.J.S. Negligence §111 d., at page 693: "Liability cannot be predicated on a prior and remote cause which merely furnishes the condition or occasion for an injury resulting from an intervening unrelated and efficient cause, even though the injury would not have resulted but for such condition or occasion * * *." And at page 694: "If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause * * *." It may be conceded that the question is generally one of fact, *Gaw* v. *Hew Construction Co.*, 300 Mass. 250, "But if there is no evidence connecting the alleged negligence with the injury, or if it is obvious that the act or omission was not the natural and proximate cause thereof, the question is for the court." *Smith* v. *Public Service Corp.*, 78 N.J.L. 478, 481.

In the case at bar the question arises on the allegations in the declaration admitted by the demurrer. On the face of the declaration it is obvious that the plaintiff, if allowed

to go to trial thereon, would rely solely on the violation of the statute as constituting defendant's negligence. The trial justice apparently so assumed and decided that such violation was rendered too remote by the intervention of the independent negligent act of the thief and therefore was not a proximate cause of plaintiff's injury.

On our view of the applicable law we are clearly of the opinion that he did not err. On neither count does the plaintiff state a cause of action against the defendant. The negligence on his part, if any, was not a direct and proximate cause of her injury but was merely a condition or circumstance which did not operate to cause any injury to the plaintiff except for the intervening independent negligence of the thief. Such negligence the defendant was not in law bound to foresee as a natural and probable consequence of his violation of the statute.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

POWERS, J., concurs in the result.

ROBERTS, J., concurring. I agree with the result that has been reached by the court in this case but desire to state separately and specifically the reason upon which I base such agreement.

The allegations contained in the declaration here, even if well pleaded and admitted by the demurrer, are insufficient to establish that the defendant should have anticipated that as a natural and probable consequence of his leaving his motor vehicle on the hospital grounds unlocked and unattended it would be driven off by some unauthorized person. It is well settled that a defendant's original act of negligence will be considered as a remote and not a proximate cause of a plaintiff's injury when there is an intervening act on the part of a responsible third person unless it be made to appear that the defendant reasonably should have anticipated that such an intervening act would

be a natural and probable consequence of his own act. *Mahogany* v. *Ward,* 16 R. I. 479. It is my opinion then that in those circumstances it was not error for the trial justice to find as a matter of law that the intervening act broke the causal connection between the defendant's original act of negligence and the plaintiff's injury. *Prue* v. *Goodrich Oil Co.,* 49 R. I. 120. I conclude, therefore, that the demurrer to the declaration was properly sustained.

*Weintraub & McElhiney, Samuel W. Weintraub,* for plaintiffs Viola L. Clements and Harold J. Clements.

*Armando D'Iorio,* for plaintiff Thomas F. Boutier.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for defendant.