280 A.2d 328.

WILLIAM R. KEEFE *vs.* JOSEPH J. MCARDLE AND
BARBARA MCARDLE.

DONALD J. ROWLEY *vs.* JOSEPH J. MCARDLE AND
BARBARA MCARDLE.

JOHN A. BLINKHORN *vs.* JOSEPH J. MCARDLE AND
BARBARA MCARDLE.

AUGUST 10, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.    These are appeals by the plaintiffs in three separate actions from the entering of summary judgments in favor of the defendants in each case.

Except for the identity of plaintiff, each action is identical, arising from an accident involving a car occupied by the three plaintiffs, and one owned by defendant, Joseph J. McArdle, and last operated with his consent by defendant, Barbara McArdle.   Since all actions are mutually affected we shall consider them as if they were but one.

Each plaintiff alleged in his complaint that on June 18, 1967, defendant, Barbara McArdle, parked her husband's car in an unattended parking lot at the corner intersection of Washington and Empire Streets in the city of Provi-

dence, leaving the vehicle unlocked and .the keys inside. Each complaint further alleged that plaintiff was seated in a parked car on Empire Street at about 12:20 p. m. on the date in question when the McArdle vehicle, through negligent maintenance or use of its parking equipment, rolled across the lot, striking the vehicle in which plaintiff was seated with resulting personal injuries.

The defendants in their answer raised three defenses, only one of which is relevant here. It is that at the time of the accident, their motor vehicle was being operated without their consent and consequently, they were not legally responsible for the operation of their vehicle at the time of the accident. Thereafter, they filed a motion for summary judgment in each case, accompanied by an affidavit of Barbara McArdle stating that on the day in question she drove her husband's car, with his permission, to Providence, parked in the aforementioned parking lot, and went to her place of employment. She further averred that while at work, the car was stolen from the parking lot and collided, during the course of the theft, with the vehicle occupied by plaintiff. These motions being unopposed by each plaintiff, were granted, and summary judgment entered in favor of defendants. From the judgments accordingly entered, each plaintiff appealed to this court.

In their oral arguments and briefs, plaintiffs candidly informed us that the motions for summary judgment were not opposed by them for the reason that it was felt that the issue involved was conclusively controlled by our decision in *Clements* v. *Tashjoin*, 92 R. I. 308, 168 A.2d 472. The question before us in *Clements* was:

> "* * * whether the negligence of defendant, if any, in leaving his automobile in the place and in the manner he did, was a concurring proximate cause of plaintiff's injury notwithstanding that the thief's negligence was the direct cause thereof."

We answered that question, which was before us on the sustaining of a demurrer to the declaration, in the negative, holding that the theft of the automobile and the subsequent negligence of the thief were not acts which defendant would be bound to foresee as the natural and probable consequences of this act of omission.

Conceding that our holding in *Clements* is dispositive of their civil actions for negligence, plaintiffs nevertheless urge us to overrule *Clements*. They base this on several recent decisions in other jurisdictions, and certain factual data which was not made part of the record in the Superior Court, but furnished to us in their oral arguments and brief.

This factual matter consists of updated reports from police authorities and allied agencies demonstrating a marked annual increase in automobile thefts since our decision in *Clements*. In strict point of fact, this material is not really before us in that, not being before the Superior Court justice, it is not involved in his decision. See *State* v. *Jefferds,* 91 R. I. 214, 162 A.2d 536. There, we held that to persuade this court to change a long-standing rule which appellant attacked as not reflecting more enlightened knowledge having relevance to that rule, it was incumbent on appellant to have offered evidence of such knowledge, and when rejected by the trial judge, to have made an offer of proof so that the rejected material would be properly before us.

However, assuming that we could take judicial notice of the material first offered by plaintiffs in their brief, and were to do so, we are not persuaded that the information contained in such material is of such significance that the rule enunciated in *Clements* should no longer be followed. In this regard, we have not failed to read and consider the decisions in three cases cited by plaintiffs. These are *Gaither* v. *Myers,* 404 F.2d 216 (D. C. Cir.); *Justus* v. *Wood,*

209 Tenn. 55, 348 S.W. 2d 332, and *Davis* v. *Thornton,* 384 Mich. 138, 180 N.W. 2d 11.

An examination of these cases discloses that *Gaither* v. *Myers, supra,* turns on a District of Columbia tort rule; *Justus* v. *Wood, supra,* is governed by significant facts not alleged by the instant plaintiffs; and *Davis* v. *Thornton, supra,* reaffirms a Michigan rule which represented a minority view of which we were cognizant when *Clements* was decided.

We are of the opinion, therefore, that, at least on the instant record, *Clements* v. *Tashjoin, supra,* is controlling.

The plaintiffs' appeal in each case is denied and dismissed, and the judgments appealed from affirmed.

*Samuel A. Olevson,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Bruce G. Tucker,* for defendants.